THE PEOPLE OF THE STATE OF CALIFORNIA *v.* EDWIN BOGART.

DESCRIPTION OF MONEY IN INDICTMENT.—Stolen property, if money, should be described in the indictment as so many pieces of current gold or silver coin, specifying the species of coin; but if the species of coin be unknown to the Grand Jury, they may so state in lieu of such specification.

INDICTMENT.—Facts not vital to an accusation, and constituting merely matter of description, may be stated in an indictment as unknown to the Grand Jury, if such is the case.

ALLEGATION OF OWNERSHIP OF PROPERTY IN INDICTMENT.—If stolen property belonged to a partnership, the indictment should state the names of the several persons who composed the firm; but if it belonged to a corporation, the indictment should state the corporate name and that it is a corporation.

TWO COUNTS IN INDICTMENT.—If it is doubtful whether an alleged offense is larceny or a conversion of property by a bailee with intent to steal, the indictment may contain two counts, one charging a felonious taking, and the other a felonious conversion.

APPEAL from the County Court of Sonoma County

The indictment charged the defendant with having stolen sundry gold coins, lawful money of the United States, of the

aggregate value of three hundred and fifty dollars, and averred that the Grand Jury could not give a more particular description, as they had no means of knowledge. It also charged that the gold coins were the property of " Wells, Fargo & Co.," without giving the names of the members of the firm, or averring that " Wells, Fargo & Co." was a partnership or a corporation.

On the trial it appeared that the defendant was the driver of the stage of Woodworth & Co., in which Wells, Fargo & Co. carried their treasure, and as such driver was entrusted with such treasure. The defendant's attorney objected to the admission of any evidence tending to show the above facts, on the ground that they showed the offense to have been embezzlement by a bailee, and were not admissible under the indictment. The Court, however, admitted the evidence.

The defendant was convicted, and appealed.

The other facts are stated in the opinion of the Court.

*W. C. Wallace*, and *John C. Burch*, for Appellant.

The subject of the alleged larceny is not sufficiently stated. (*People* v. *Ball*, 14 Cal. 101; 2 Arch. Crim. Pl. 355; 2 Whart. Crim. Law, 354, 365; *People* v. *Green*, 15 Cal. 513; *People* v. *Vice*, 21 Cal. 344.) On the subject of description, see 1 Wharton's Criminal Law, Sec. 354.

All the evidence which tended to prove embezzlement was improperly admitted to support this indictment for larceny. Although under our statute embezzlement is punished as larceny, yet the facts constituting the embezzlement must be set out in the indictment. (*People* v. *Poggi*, 19 Cal. 601; *People* v. *Green*, 15 Cal. 512; *People* v. *Cohen*, 8 Cal. 42; *United States* v. *Rigsby*, 2 Cranch Cond. U. S. 364.)

*Jo Hamilton,* Attorney General, for the People.

The indictment avers that the Grand Jury did not know

what particular description to give the coins. This was sufficient. (Wharton's Am. Cr. Law, Sec. 290, p. 221; *People* v. *Taylor*, 3 Denio, 91; *People* v. *Cronin*, 34 Cal. 191.)

By the Court, SANDERSON, J.

The general rule undoubtedly is, that the stolen property, if money, should be described as so many pieces of current gold or silver coin, specifying the species of coin; but, if the species of coin be unknown to the Grand Jury, they may so state, in lieu of such specification. In this respect the law does not require greater certainty than the nature of the case affords. Accordingly, it has been held that "sundry gold coins, current as money in this Commonwealth, of the aggregate value of twenty-nine dollars, but a more particular description of which the jurors cannot give, as they have no means of knowledge," occurring in an indictment for larceny from the person, is a sufficient description. (*Commonwealth* v. *Sawtelle*, 11 Cush., Mass., 142.) So of the following description: "Sundry bank bills of some banks respectively to said jurors unknown, of the amount and value in all of thirty-eight dollars." (*Commonwealth* v. *Grimes*, 10 Gray, 470.) The same rule has been applied by this Court to the description of the mode and means by which the homicide was committed in an indictment for murder. (*People v. Cronin*, 34 Cal. 191.) While the law requires in an indictment precision and certainty sufficient to enable the defendant to determine whether the case stated constitutes a criminal offense, and to enable him to prepare his defense and plead the conviction, or acquittal, as the case may be, in bar of another indictment, yet it does not carry the rule so far as to shield a party from punishment where it is plain that he has been guilty of crime. Hence, facts not vital to the accusation, and constituting merely matter of description, may be stated in an indictment as unknown to the Grand Jury, if such is the case. (*People v. Taylor*, 3 Denio, 91.)

In another respect, however, the indictment is bad. The ownership of the money is laid in "Wells, Fargo & Co.," without any specification of the copartners, if it is a partnership, or any allegation that "Wells, Fargo & Co." is a corporation, if such is the case. At common law, if the stolen goods are the property of partners, or joint owners, the names of all the partners, or joint owners, must be stated. (*Commonwealth* v. *Trimmer*, 1 Mass. 476; *Hogg* v. *The State*, 3 Blackford, 326; *State* v. *Owens*, 10 Rich. L. R., S. C., 169.) To avoid this difficulty, the statute 7 Geo. IV, C. 64, S. 14, was passed, which provided that where the stolen goods were the property of partners, joint tenants, parceners, or tenants in common, it should be sufficient to charge the property in one of them by name, and another or others, according to the fact; but we have no such statute in this State. Hence, if "Wells, Fargo & Co." is the name or style of a firm or copartnership, the names of the several persons who compose the firm should have been stated. If, however, "Wells, Fargo & Co." is the name of a corporation, the indictment would have been good had it contained an allegation to that effect. (2 Russ. on Crimes, 99; *People* v. *Schwartz*, 32 Cal. 160.)

Under the foregoing view it becomes unnecessary, for the purposes of the present indictment, to determine whether the case made by the testimony falls under the sixtieth or the seventy-first section of the statute in relation to crimes and punishments. If another indictment is found, all controversy upon that question can be readily avoided by inserting two counts—one charging a felonious taking, and the other a felonious conversion.

Judgment reversed and cause remanded for further proceedings, and remittitur directed to issue forthwith.