## CHARLIE COOK *v.* THE STATE.

1. INDICTMENT FOR THEFT described the money stolen as "one twenty-dollar bill, United States paper-currency money, of the value of twenty dollars, a more particular description of which the grand jury are unable to give." *Held*, a sufficient description of the money, and immaterial whether the evidence showed the money to be United States treasury-notes or national bank-notes.

2. NEW TRIAL — PRACTICE IN THIS COURT. — One cause assigned in a motion for a new trial was that the jury, on retiring to consider of their verdict, were allowed to take with them the original indictment, on which were indorsed two verdicts of guilty, rendered at previous trials of the case. *Held*, that this objection should have been made when the indictment was delivered to the jury; and that, in the absence of a verification of it in point of fact, by bill of exceptions or otherwise, the objection cannot be considered by this court.

APPEAL from the District Court of Robertson. Tried below before the Hon. W. D. WOOD.

*W. H. Hamman*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J.   When this case was first upon appeal to this court, the judgment below was reversed because there was no proof made on the trial of the amount or value of the money stolen.   *Cook* v. *The State*, 2 Texas Ct. App. 290. The indictment was brought under articles 2406 and 2407, Paschal's Digest, which read as follows:

"If any person shall commit theft by privately stealing from the person of another, he shall be punished by confinement in the penitentiary not less than two nor more than seven years.

"To constitute this offense, it is necessary that the following circumstances concur:   1. The theft must be from the person; it is not sufficient that the property be merely in the presence of the person from whom it is taken.   2. The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away.   3. It is only necessary that the property stolen should have gone into possession of the thief; it need not be carried away in order to complete the offense."

We are of opinion that the indictment sufficiently describes the property stolen, in the following averments, viz.:

"One twenty-dollar bill, United States of America paper-currency money, of the value of twenty dollars, a more particular description of which the grand jury cannot give; three five-dollar bills, United States of America paper-currency money, a more particular description of which the grand jury are unable to give, of the value of five dollars

each, and of the aggregate value of fifteen dollars; and all of said property of the aggregate value of thirty-five dollars."

Under the law as quoted, and these averments in the indictment, the court did not err in instructing the jury that, "If you find from the evidence, beyond a reasonable doubt, that any portion of the paper money described in the indictment was taken by the defendant, it matters not whether said paper money was United States treasury-notes or what is known as national bank currency, and you find, beyond a reasonable doubt, all the other facts necessary in law and under this charge to constitute the offense of the theft from the person by the defendant in this case, then the defendant is guilty, as charged in the indictment."

In the case of *Sansbury* v. *The State*, decided at this term, *ante*, p. 99, it was held that both United States treasury-notes or warrants and national bank-bills were not only money, but property, and that they were embraced in the provisions of article 2390 of Paschal's Digest as legitimate subjects of theft; both classes of currency being creatures of the laws of the United States, and recognized and used as money. The indictment, we think, is sufficiently certain in describing the denomination and value of the bills stolen, with the further allegation added, " a more particular description of which the grand jury are unable to give." 2 Bishop's Cr. Proc., sec. 705; *The Commonwealth* v. *Sawtelle*, 11 Cush. 142; *The People* v. *Bogart*, 36 Cal. 245; *Bagley* v. *The State*, 2 Texas Ct. App. 163.

The indictment in this particular differs from that in *Lavarre* v. *The State*, 1 Texas Ct. App. 685, and cases therein cited of defective indictments for theft of money.

The charge of the court expounded the law applicable to the case in a clear, ample, and forcible manner, and no additional instructions were asked for defendant.

But it is urged that a fatal error was committed by per-

mitting the jury to carry with them into their room, upon retirement to consider of their verdict, the original indictment in the case, upon which it appears there was written the verdicts of two juries who had previously tried the case and found the defendant guilty. This objection was urged for the first time upon the motion for a new trial.

If such were the fact, we doubt whether it could be taken advantage of on the motion for a new trial. It was certainly the duty of defendant to have made his objection at the time, or before, the indictment was given to the jury, so that the court might have had them furnished, if necessary, with a certified copy of the indictment, omitting the indorsements. Still, it is not necessary for us to decide this point, since, though the original indictment is sent up as part of the record in the case, there is no evidence shown, by bill of exceptions or otherwise, that the jury did in fact have said indictment with them when consulting as to their verdict. Without some such evidence in support of the allegation contained in the motion for a new trial, this court will not interfere, upon that ground, with the verdict rendered.

So far as the evidence is concerned, it is agreed in the statement of facts that " all the facts alleged in the indictment were proven by the State."

No error appearing upon the record, the judgment of the court below is affirmed.

*Affirmed.*