[No. 8,503. Department Two.—January 16, 1885.]

## H. A. CALLENDER, RESPONDENT, v. WILLIAM H. PATTERSON ET AL., APPELLANTS.

STREET ASSESSMENT—CONTRACT TAKEN BY PROPERTY OWNERS—ASSIGNMENT—
ESTOPPEL.—Certain property owners took a contract for improving a street in the city and county of San Francisco, adjoining their respective lots, and after the work was done and the assessment made by the proper officer, assigned, for value received, all their right, title, and interest in the contract, and in the assessment, warrant, and diagram, and all the moneys due and to become due thereon. *Held,* that such assignors were estopped to deny the validity of the contract and assessment in an action by the assignee to enforce the same.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to enforce a street assessment for work done in the city and county of San Francisco. The contract for the work was taken by the property owners, under the provision of the street law of 1871–2. The defense relied on was that the work was not completed until after the expiration of the extension of time granted on the contract by the Board of Supervisors; and that a further extension of time in which to complete the work was unauthorized. The further facts are stated in the opinion of the court.

*Edward Kirkpatrick*, for Appellants.

The assessment was void for the reason that the work was not completed in time (*Beveridge* v. *Livingstone*, 54 Cal. 56); the defendants are not estopped to deny the validity of the assessment. (*Farish* v. *Coon*, 40 Cal. 33.)

*Shafter, Parker & Waterman*, for Respondent.

The defendants are estopped from setting up any defense growing out of the proceedings prior to assignment to defeat the assignee. (*City of Burlington* v. *Gilbert*, 31 Iowa, 356; *Correy* v. *Graynor*, 22 Ohio St. 584.)

THORNTON, J.—It appears in this cause, which was an action to enforce the lien of a street assessment, that the property owners took the contract for doing the work, and that after the work was done and the assessment made by the proper officer, the contractors assigned for value received to the plaintiff all their right, title and interest in said contract, and in the assessment, warrant, and diagram, and all the moneys due and to grow due thereon.

Patterson, one of the contracting property owners and assignors, was a party defendant, and the court rendered judgment against him.

It is contended that Patterson, the appellant, is estopped to deny the validity of the contract and of the assessment. We

are of opinion that this point is well taken. A party cannot for value assign a contract and assessment, and then set up the defense that they are invalid, because not in compliance with the street law. The law does not tolerate such a procedure. Having accepted a benefit under it, he cannot be heard to say that it is invalid.

Judgment and order affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.