[No. 14356. Department One. — December 31, 1892.]

# JACOB HEFT, APPELLANT, v. D. S. PAYNE, RESPONDENT.

STREET ASSESSMENT — FAILURE TO COMPLETE WORK IN TIME — NEGLECT OF CITY — TERMS OF CONTRACT — LIABILITY OF LOT-OWNER. — The failure of a street contractor to complete the work within the time named in the contract with the city is not excused, as against a lot-owner who is sued to foreclose the lien of a street assessment, by the neglect of the city to furnish implements for the work, as provided in the specifications of the contract for the work. The lot-owner is not bound by such contract, and his liability arises out of no agreement, express or implied, with the street contractor; but he can question the regularity of the proceeding resulting in the assessment in the same manner and upon the same principles as the validity of a tax may be questioned.

ID. — FORECLOSURE OF LIEN — PERSONAL LIABILITY — ESTOPPEL IN PAIS — APPEAL BY LOT-OWNER — WAIVER OF OBJECTION — REPRESENTATION AND PROMISES INDUCING ACTS OF CONTRACTOR. — In an action by a street contractor to foreclose a street assessment lien upon land benefited by the work, there is no personal liability of the owner of the land, and the doctrine of estoppel in pais has no application. The owner of the lot is not estopped from contesting the foreclosure of the lien upon the lot, upon the ground that the work was not completed in time, by reason of having appealed from a first assessment and warrant upon the ground that the work was not satisfactorily done, and having expressly waived all objections upon such appeal to the failure of the contractor to complete the work in time, and having represented and promised that when the work was performed to the satisfaction of the council no further objections would be made, and that the assessment would be paid, in reliance upon which the contractor completed the work to the satisfaction of the council, and obtained the new assessment sought to be foreclosed.

ID. — CREATION OF LIEN. — Where there was no lien upon the lot at the time when it is claimed that the waiver was made, no lien could be created by any oral statements of the lot-owner, whatever effect such statements might have upon his personal liability.

ID. — EXTENSION OF TIME — ACTION OF CITY COUNCIL UPON APPEAL — ORDER FOR FURTHER WORK. — The action of the city council in setting aside an assessment and a warrant issued by the street commissioner upon his acceptance of the street-work done under a contract therefor with the city, and in directing further work as the result of an appeal by lot-owners, does not operate as an extension of time to the contractor to complete the work.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*J. J. Burt*, for Appellant.

*A. S. Kittredge*, for Respondent.

Paterson, J. — This is an action to foreclose the lien of a street assessment. Judgment in favor of defendant was entered in the court below on demurrer to the complaint, and plaintiff has appealed.

The work was not completed within the time named in the contract, nor within the time of any extension given; but to avoid the effect of the failure of the contractor to complete the work within such time, it is alleged that in the specifications for the work it was provided that the city (San José) should furnish a steam-roller for rolling the rock used in macadamizing the street, and that the city, though often called upon to furnish the roller, has neglected to do so until it was too late for the contractors to perform the work within the time. It is alleged that the contractors applied to the city council for an extension of time, but the council failed to act on the application, and that their failure to complete the work within the time allowed was due to the failure of the city to furnish the roller as provided in the contract.

We think that the excuse offered for the failure to perform within the time agreed upon is insufficient. The lot-owner in such cases is in no sense a party to the contract, except as one of the public upon whose property the burden of payment for the improvement is placed. The city does not act as his agent, to bind him personally, but in its sovereign capacity, as in matters of taxation, and the failure of the city to furnish the steam-roller is no more binding upon him than would be the failure of any other person who may have agreed to furnish the contractor with machinery, teams, or material to be used in the work required by the contract. His liability arises out of no agreement, express or implied, between him in his individual character and the street contractor. He has nothing to say in deter-

mining whether the work shall or shall not be done by
the contractor, nor, in the absence of fraud, whether the
work has been done according to the contract, but he
can "question the regularity of the proceeding resulting
in the assessment in the same manner and upon the
same principles as the validity of a tax may be ques-
tioned." (*Emery* v. *Bradford*, 29 Cal. 84; *Meuser* v. *Ris-
don*, 36 Cal. 245; *Dyer* v. *Barstow*, 50 Cal. 654.)

In the second count, it is alleged that the street com-
missioner accepted the work and issued his warrant; that
the defendant and other lot-owners appealed to the city
council and filed objections; that the latter appeared and
took part in the hearing of the objections, and expressly
waived all objections which they might have by reason
of the failure of the contractors to complete the work
within the time fixed or any extension thereof, and stated
that all they wanted was a completion of the improve-
ment to the satisfaction of the council, and when that
was accomplished no further objections would be made
and the assessment for the work would be paid; that the
council, relying on the good faith of said representations,
set aside the assessment and warrant, and ordered fur-
ther work to be done; that plaintiff, relying on the good
faith of said promises, went on and completed the work
to the satisfaction of the proper officers, and of said coun-
cil, and the work was by resolution accepted, a new as-
sessment made, and a warrant issued and recorded;
demand for payment made, etc.

It is contended that the defendant is estopped by his
representations and promise from claiming that the
work was not done within the time required.   But this
is an action purely to foreclose a lien on the land for the
cost of a public improvement.   There is no personal
liability, and to such proceedings the doctrine of estop-
pel *in pais* has no application. (*Meuser* v. *Risdon*, 36
Cal. 245.)   If there is no lien, there can be no recovery.
The lot alone is liable, and if there was no lien at the
time it is claimed a waiver was made, we do not see how
any could have been created by the oral statements of

the defendant. Whether the alleged conduct of the defendant created any personal liability on his part to pay for a portion of the work done on the public highway is a question which we are not called upon to decide.

It is claimed that the act of the city council in setting aside the first assessment and warrant, and in directing further work, operated as an extension of time. We do not think this contention is warranted by the provisions of the act under which the work was done. It provides that "if the owners or contractor who may have taken any contracts do not complete the same within the time limited in the contract, or within such further time as the city council may give them, the superintendent of streets shall report such delinquency to the city council, which may relet the unfinished portion of said work, after pursuing the formalities prescribed hereinbefore for the letting of the whole." This is substantially the same provision found in other statutes, and which has been given a construction in several cases adverse to appellant's contention. (*Beveridge* v. *Livingstone,* 54 Cal. 56; *Fanning* v. *Schammel,* 68 Cal. 429; *Dougherty* v. *Coffin,* 69 Cal. 455; *Raisch* v. *San Francisco,* 80 Cal. 1.) The decision in *Taylor* v. *Palmer,* 31 Cal. 246, upon which appellant relies, was based upon an amendment to section 7 of the act of 1862, passed April 25, 1863. (Stats. 1863, p. 526; *Turney* v. *Dougherty,* 53 Cal. 620; *Beveridge* v. *Livingstone,* 54 Cal. 56.)

The judgment is affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.