[S. F. No. 1303.   Department One.—February 26, 1900.]

UNION PAVING AND CONTRACTING COMPANY,Appellant, v. JOHN McGOVERN  et al., Respondents.

STREET IMPROVEMENT—PROTEST OF OWNERS OF MAJORITY OF FRONTAGE—
JURISDICTION OF SUPERVISORS—CASE AFFIRMED.—The protest of the
owners of the majority of frontage upon a proposed street improvement, delivered to the clerk of the board of supervisors of
the city and county of San Francisco, within proper time, not
only operates to suspend the jurisdiction of the board to proceed with the improvement for the period of six months, but also
precludes the further ordering of the work to be done without
the passage of a new resolution of intention therefor; and no
lien can be created by an assessment for the work without such
new resolution.

ID.—AGREEMENT OF PROPERTY OWNERS — ASSIGNMENT OF CONTRACTS —
PROPORTIONAL ASSESSMENT UNDER ORIGINAL CONTRACT—ESTOPPEL.—
The agreement by certain property owners to obtain a contract
for the proposed work in front of their lots at a reduced rate,
and to assign the same to one who agreed to do the work for
them at that rate, to be paid "on completion of said work,"
without any agreement by them to pay any assessment under
the original contract, and without any representation by them
as to its validity, does not estop them from disputing the validity of a proportional assessment in favor of an assignee of
the original contract, who was also an assignee of the contract
of the owners, for work done under the original contract, in the
completion of two blocks out of six included therein.

ID.—FORECLOSURE OF STREET ASSESSMENT — STATUTORY PROCEEDINGS —
ESTOPPEL IN PAIS INAPPLICABLE.—In an action to foreclose a street
assessment, the lien of which exists only by virtue of a strict
compliance with the provisions of the statute, and the proceedings in which are purely statutory, and without the enforcement of any personal liability, the doctrine of estoppel in pais
has no application.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

D. H. Whittemore, for Appellant.

Alexander G. Eells, for Respondents.

HARRISON, J.—Action upon a street assessment.

1. Within ten days after the publication and posting of the notice of the improvement, the owners of a majority of the frontage upon the work delivered to the clerk of the board of supervisors written objections to the same. No further steps were taken until the expiration of six months, when the board of supervisors ordered the work to be done without again passing a resolution of intention therefor. Under the rule declared in *City Street Imp. Co. v. Babcock,* 123 Cal. 205, the proceedings in relation to doing the work were without authority, and no lien was created by the assessment therefor.

2. After the contract had been awarded, certain owners of property fronting upon the work, including the respondent McGovern, entered into an agreement November 14, 1895, with one S. E. Tucker, by which the property owners agreed that they would elect to do the work and enter into a written contract therefor with the superintendent of streets at the prices at which it had been awarded, and would assign and transfer said contract to Tucker in consideration that he would perform said work "as to them" at certain prices—less than those at which the work had been awarded—and Tucker agreed that he would perform said work for them at said prices. Contemporaneously with the signing of this agreement, and as a part of the same transaction, McGovern and the other property owners entered into a property owners' contract with the superintendent of streets for doing the work ordered by the board, and assigned the same to Tucker. By virtue of several assignments of this contract, the plaintiff became the owner thereof, March 4, 1896. The work provided for in the contract included six blocks, and on July 20, 1896, it having been shown to the board of supervisors that two blocks had been completed, that body directed the superintendent of streets to make and issue a "proportional assessment" on these blocks for the work then done. Under this order the assessment on which this action is brought was issued August 3, 1896.

It is contended by the appellant that by virtue of these facts McGovern is estopped from questioning the validity of the contract and assessment. We are unable, however, to accede to this proposition. In an action to foreclose a lien upon land for

the cost of a public improvement, in which there is no personal liability, and where the proceedings are purely statutory, and the lien exists only by virtue of a strict compliance with the provisions of the statute, the doctrine of estoppel *in pais* has no application. (*Heft v. Payne,* 97 Cal. 108.)

The agreement between the property owners and Tucker, and their entering into the contract with the superintendent of streets, and its assignment to Tucker is found by the court to have been "a part of the same transaction."

The agreement on their part with Tucker was that if he would perform the work specified in their contract with him they would pay him therefor the prices named in their agreement "on completion of said work"; and he agreed to do the work named in their contract with the superintendent at the price named in their contract with him. The reference to the public contract was only for identification of the work to be performed by Tucker. There was no agreement on his part to perform any of the terms of their contract with the superintendent of streets, or on their part to pay any assessment that might be made by virtue of that contract. It does not appear that the work has yet been completed, or that any more has been done than that covered by the assessment, and, as there was no agreement on their part to pay any assessment that might be made for the work, they are not estopped from disputing the validity of the assessment sued upon.

*Callender v. Patterson,* 66 Cal. 356, cited by appellant, is inapplicable. In that case the property owners had entered into the contract and completed the work, and received an assessment therefor which purported to be a charge upon their lands, and more than a year thereafter they assigned the same to the plaintiff "for value." It was upon these facts that the court held them to be estopped from questioning the validity of the assessment. In the agreement between Tucker and the property owners they do not purport to assign to him an assessment for work that had been already done for them, or any existing obligation in their favor from which a warranty of its validity might be implied. They merely agreed to assign a contract not yet entered into, and which at that time, and also at the time of its assignment, was wholly executory, and Tucker must be as-

sumed to have determined the value and validity thereof for himself. The contract which was the subject of their negotiations was of a public nature, and all the proceedings in reference thereto were evidenced by public records open to the inspection of all, and from which Tucker had the same opportunity for ascertaining the validity of the contract as did the defendants. The court finds that the defendants made no representation of any kind to Tucker or to the plaintiff to the effect that the contract, or that the proceedings therefor, were regular or sufficient or valid, and it also finds that they did not themselves know of any defect in said proceedings until after the commencement of this suit.

The want of evidence in support of the finding that McGovern signed the documents at the request of Tucker is immaterial, as the judgment must have been the same irrespective of this finding.

The judgment and order denying a new trial are affirmed.

Garoutte, J., and Van Dyke, J., concurred.