[L. A. No. 2687. In Bank.—October 13, 1911.]

MARY W. ALLEN, Appellant, v. C. H. HANCE, Treasurer of the City of Los Angeles, Defendant, and I. B. HUBER, Intervener, Respondents.

STREET ASSESSMENT—SPECIFICATIONS—PROVISION FOR LOSS OR DAMAGE TO BE SUSTAINED BY CONTRACTOR—AGREEMENT FOR WAIVER OF INVALIDITY—FINDING.—Pending the performance of a street improvement, the specifications for which contained the provision that "all loss or damage arising from the nature of the work to be done under this agreement . . . shall be sustained by the contractor," the property-owner, in consideration of the completion of the work by the contractor, entered into an agreement with him to the effect that if an independent survey should demonstrate that the work was constructed upon the grade established by the ordinance fixing the

grade of the street, she waived "any right involved in the recent case decided by the supreme court, the San Diego case." *Held,* that the evidence sustained the findings that the case referred to in the waiver was *Blochman* v. *Spreckels,* 135 Cal. 662, holding that such a provision in the specifications invalidated the assessment proceedings, and also the finding that the work had been completed in accordance with the specifications and ordinance.

ID.—BOND FOR ASSESSMENT.—EVIDENCE OF REGULARITY OF PROCEEDING AND ACCEPTANCE.—Under the Street Improvement Act of 1899 (Stats. 1899, p. 40), the issuance of the bond on the property of the owner for the amount of the assessment thereon is *prima facie* evidence of the regularity of the proceedings, the acceptance of the work, and, consequently, that it was done according to the specifications.

ID.—WAIVER OF RIGHT TO PARTICIPATE IN SURVEY—PAYMENT OF INSTALLMENTS ON BOND.—Such waiver agreement did not in terms declare that a joint independent survey should be made at the instance of both parties, and whatever may have been her original right to participate in the making of such a survey, she waived it by her acquiescence in the issuance of and the payments of the installments upon the assessment bond, and when proof of the independent survey made by the bondholder was offered to establish the true grade, by her failure then to establish its error.

ID.—PUBLIC POLICY—PROPERTY-OWNER MAY WAIVE INVALIDITY OF CONTRACT.—It is not on grounds of public policy that the inclusion of such a provision in the specifications is held to invalidate the contract, but because it is in violation of and not authorized by statute, and the effect of permitting it might be illegally to increase the burden upon the property-owner. This determination is one for the protection and benefit of the property-owner and one which, therefore, he could waive.

ID.—ESTOPPEL TO QUESTION VALIDITY OF ASSESSMENT—WANT OF PERSONAL LIABILITY.—By such waiver the property-owner was estopped to assert the invalidity of the assessment resulting from the inclusion of such provision in the specifications for the work, notwithstanding there was no personal liability imposed on the owner for the cost of the work. *Heft* v. *Payne,* 97 Cal. 108, and *Union Paving Co.* v. *McGovern,* 127 Cal. 638, in so far as they hold that the doctrine of estoppel *in pais* has no application where there was no personal liability on the part of the person claimed to be estopped, are over·ruled.

ID.—BASIS FOR ESTOPPEL.—Whatever may have worked the estoppel, whether it rests in judgment, deed, contract, or *in pais,* in its essence it amounts to but this, that a man is forbidden to show the existence of a fact because by his past conduct, declarations, agreement, deed, or a judgment, it would work an injustice and an injury to his adversary to permit him to do so.

ID.—ESTOPPEL TO DENY EXISTENCE OF STREET-ASSESSMENT LIEN.—One may estop himself from denying the existence of a lien upon his property as well as he may estop himself from denying a personal liability, and while in street-assessment cases the lien exists only by virtue of a strict compliance with the provisions of the statute, if a property-owner has estopped himself from showing that there has not been a strict compliance with the statute, then as to his property there has been such strict compliance and the lien exists.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

W. H. Morris, for Appellant.

Edward Judson Brown, for Respondents.

HENSHAW, J.—This action was brought by plaintiff against defendant, the treasurer of the city of Los Angeles, to restrain the sale of plaintiff's property in the foreclosure of a lien for certain street-assessment work.

The city of Los Angeles had entered into a contract with one Whittier for the performance of certain street work on Pasadena Avenue. The specifications for the work contained the following clause: "all loss or damage arising from the nature of the work to be done under this agreement . . . shall be sustained by the contractor." The firm of Tryon-Brain Company succeeded to Whittier's rights and obligations under the contract and was proceeding with the work. When it was more than half completed the contractors became aware of the decision of this court in *Blochman* v. *Spreckels*, 135 Cal. 662, [57 L. R. A. 213, 67 Pac. 1061], which held that the clause in the specifications above quoted rendered the proceeding void. Tryon-Brain Company then prepared and presented to the owners of the property affected by the street work an agreement whereby in consideration of its completing the work in a good and workmanlike manner the property-owner waived "any and all objection in law which he may have or be entitled to make to the legality or validity of the assessment for said improvement or the legality or validity of any street improvement bond that shall be issued to represent the cost thereof," the waiver applying to and binding the executors, adminis-

trators, grantees, and assigns. Mr. Tryon of the Tryon-Brain Company presented this waiver to plaintiff and her husband explaining the purport of it and explaining that his company feared the effect of the decision in *Blochman* v. *Spreckels* and was unwilling to expend more money on the unfinished work saving under this assurance from the property-owners. Plaintiff's husband then retired to an adjoining room and wrote the specific waiver which follows, it being signed both by himself and his wife, plaintiff herein: "I am unwilling to waive any question dependent upon the acceptance of the street supt. or council but if an independent survey shall demonstrate that the work from Ave. 48 to Ave. 50 is constructed upon the grade established by the ordinance fixing the grade of the street, I am willing to waive any right involved in the recent case decided by the supreme court, the San Diego case:—Nothing here being construed as a waiver of damage to our property on account of injury to the property by the change of grade, by ordinance or otherwise." This waiver was recorded with the others. The contractors finished the work according to the specifications; it was duly accepted by the street superintendent and the bond on plaintiff's property for the amount of the assessment thereon was duly issued. Plaintiff made no objection to the issuance of the bond and never demanded the survey contemplated by the waiver and paid the installments on the bond as they became due from January, 1904, to January, 1908, without protest. In February, 1905, the bond was purchased by Mrs. I. B. Huber, intervener herein, and she received the payments made after that date until January 2, 1908, when plaintiff refused to make further payments. Such was the situation until August, 1908, when the intervener, still the owner of the bond, requested the city treasurer to advertise the property for sale to satisfy the bond. The plaintiff then instituted against the city treasurer this action to restrain him from making the sale. The intervener caused a survey to be made which established the fact that the work had been done according to the grade fixed by the ordinance, and this and other matters were pleaded both in the answer of the treasurer and in the complaint in intervention filed by the intervener. The answer and the complaint in intervention thus pleaded waiver and estoppel by contract. The findings of the court are outlined in the above statement

of facts. As conclusion of law it found that plaintiff was estopped by contract and judgment was rendered accordingly. From this judgment plaintiff appeals.

It is contended that the finding to the effect that the case of *Blochman* v. *Spreckels,* 135 Cal. 662, [57 L. R. A. 213, 67 Pac. 1061], was the case meant by plaintiff's language in waiving "any right involved in the recent case decided by the supreme court, the San Diego case" is unsupported by the evidence. Upon this subject plaintiff's case rests wholly upon the testimony of Mrs. Allen, the plaintiff. Her testimony does not negative the finding. She admits her signature to the waiver and her husband's, and that the handwriting of the waiver is her husband's, but further than that her recollection fails to go. The admission of her attorney is: "She signed it. She is bound by it. What more?" The testimony of Mr. Tryon for the defendant and intervener however established without contradiction that he presented the waiver to Judge Allen, husband of plaintiff, explained the fear he felt as to the effect of the decision of the supreme court in the Blochman-Spreckels case (which was a case arising in San Diego County), and that after this explanation Judge Allen himself wrote the waiver above quoted, signed it himself, and procured his wife to sign it. The finding is therefore clearly supported.

The same is true of another finding of the court which is here attacked, the finding to the effect that the work had been completed in accordance with the specifications and ordinance. Indeed, it can hardly be said that there is an issue upon this proposition since plaintiff's complaint alleges that it was under the contract and specifications in her complaint set forth and under no other contract or specifications that the contractors performed and completed the street improvement work. There is no denial of this in either the answer or in the complaint in intervention, but both contain averments to the same effect. Moreover, the issuance of the bond afforded *prima facie* evidence of the regularity of the proceedings, the acceptance of the work, and, consequently, that it was done according to the specifications (Stats. 1899, p. 40). And, finally, the whole course of conduct of plaintiff's attorney under defendant's offer to prove in detail the performance of the work in accordance with the plans and specifications amounted to a

specific waiver of any more formal proof than was actually made at the trial. Thus says plaintiff's attorney, when offer of proof on this matter was made: "I have got my idea of it. They assert and we deny. I don't know of any better way of their proving it than to prove the city accepted it. I think that is all the proof that is absolutely necessary." This invited proof was made.

The third objection of the plaintff is that, treating the waiver as valid, there was a non-compliance with its terms which relieves her from the enforcement of it. This non-compliance it is urged comes from the fact that the "independent survey" which demonstrated that the work was constructed upon the grade established by the ordinance was not made by the parties jointly. But to this it must be answered that plaintiff's waiver does not in terms declare that a joint independent survey be made at the instance of both parties, and whatever may have been her original right to participate in the making of such a survey, she waived it by her acquiescence in the issuance of and the payment of the installments upon the bond, and when proof of the independent survey made by the intervener was offered to establish the true grade, by her failure even then to establish its error.

Appellant argues that under the authority of *Blochman* v. *Spreckels* the assessment was void as against public policy, and that such being the case a waiver of the right to assert this is itself invalid. But in this appellant errs. It was not upon the ground of public policy that the specifications such as those considered in *Blochman* v. *Spreckels* were held to invalidate the contract. It was because they were in violation of and not authorized by the statute, and because the effect of permitting them might be illegally to increase the burden upon the property-owner; but as the statute in this regard is designed for the protection and benefit of the property-owner he may waive its benefits. (Civ. Code, sec. 3268.)

The last contention of appellant is that she was not estopped because "there being no personal liability the doctrine of estoppel *in pais* has no application." Waiving the fact that the estoppel in this case is founded on contract and does not rest *in pais*, it must be conceded that appellant's position finds support in the language of *Heft* v. *Payne*, 97 Cal. 108, [31 Pac. 844]. There the asserted estoppel was *in pais*. In an

action to enforce a street-assessment lien for work that had been completed after the time fixed for its performance, it was alleged that the defendant owner had expressly waived all objections which he might have by reason of the failure of the contractors to complete the work within the time fixed and that he had stated that all he wanted was a completion of the improvement to the satisfaction of the council and when that was accomplished no further objections would be made and the assessment for the work would be paid; that relying upon this the council set aside the assessment and warrant and ordered further work to be done and that the contractor relying upon the good faith of the promises proceeded with the work and completed it to the satisfaction of the proper officers. Upon this statement it is said by this court in Department: "It is contended that the defendant is estopped by his representations and promises from claiming that the work was not done within the time required. But this is an action purely to foreclose a lien on the land for the cost of a public improvement. There is no personal liability and under such proceedings the doctrine of estoppel *in pais* has no application. (*Meuser* v. *Risdon,* 36 Cal. 239.)" A reading of *Meuser* v. *Risdon,* cited as the sole support for the doctrine thus announced, will disclose not only that it does not support the doctrine but contains nothing in reference to it. In *Meuser* v. *Risdon* the contractor had failed to perform the work and it became necessary to relet the contract for it. The clerk of the board of supervisors without authority from the board (even if such authority could be vested in him) undertook so to relet the contract. This court held under that state of facts in an effort to collect the assessment for the work, that the reletting of the contract was a separate and independent proceeding, that the board of supervisors could not transfer its duties and powers to call for bids to the clerk, and that the board of supervisors had not the power to ratify the invalid act of its clerk under the circumstances so as to give validity to these invalid proceedings. It would seem that the learned author of the opinion in *Heft* v. *Payne,* 97 Cal. 108, [31 Pac. 844], must have read *Meuser* v. *Risdon* as meaning a ratification by the property-owner, for only upon the theory of such ratification could the doctrine of waiver or estoppel have any application. But in *Meuser* v. *Risdon* it was not contended that the property-owner had by

silence or by speech, or by action or inaction, done anything in the nature of waiver, ratification, or asssent. The language in *Heft* v. *Payne,* therefore, stands absolutely without support in the authority cited to uphold it. In *Union Paving Co.* v. *McGovern,* 127 Cal. 638, [60 Pac. 169], language similar to that in *Heft* v. *Payne* is used as follows: "In an action to foreclose a lien upon land for the cost of a public improvement in which there is no personal liability and where the proceedings are purely statutory and the lien exists by virtue of a strict compliance with the provisions of the statute, the doctrine of estoppel *in pais* has no application." The sole authority adduced in support of this declaration is *Heft* v. *Payne.* We think it will be found impossible to sustain these declarations either in reason or by authority. Whatever of the varying definitions of an estoppel may be accepted, they differ not at all in the one essential,—namely, that by an estoppel a man is precluded from pleading or proving the truth, because in the language of Coke (Coke on Lit., 352a) "a man's owne act or acceptance stoppeth or closeth up his mouth to allege or plead the truth." Whatever may have worked the estoppel, whether the estoppel rests in judgment, deed, contract, or *in pais,* in its essence it amounts to but this, that a man is forbidden to show the existence of a fact because by his past conduct, his declarations, his agreement, his deed or a judgment, it would work an injustice and an injury to his adversary to permit him to do so. The fact that in street-assessment cases there is a lien upon property and not a personal liability has no bearing upon the question of an estoppel, whether arising *in pais* or by any other recognized method. One may estop himself from denying the existence of a lien upon his property as well as he may estop himself from denying a personal liability, and while it is true that in street assessment cases the lien exists only by virtue of a strict compliance with the provisions of the statute, if a property-owner has estopped himself from showing that there has not been a strict compliance with the statute, then as to his property there has been such strict compliance and the lien exists. The declarations above quoted in *Heft* v. *Payne* and *Union Paving Co.* v. *McGovern,* must, therefore, be overruled, and, indeed, they have been overruled, though tacitly, in the later decision of this court in *Cummings* v. *Kearney,* 141 Cal. 156, [74 Pac.

759], where the doctrine that estoppel even *in pais* may be successfully invoked against the owner of property in the case of a street assessment is recognized and approved by this court in Bank. But that elsewhere the rule is universally recognized may be seen from a reading of 2 Elliot on Roads and Streets, section 731, and in the note to the section where a very great number of cases are collated.

It follows, therefore, that the court was correct in its conclusion that plaintiff had estopped herself by her written waiver of her contract, and the judgment appealed from is therefore affirmed.

Shaw, J., Angellotti, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.