## WALKER v. TERRITORY OF NEW MEXICO.

(Circuit Court of Appeals, Eighth Circuit. November 4, 1915.)

### No. 3778.

1. CRIMINAL LAW ⊙⇒935—APPEAL—MOTION FOR NEW TRIAL.
   Under the practice in the territory of New Mexico, the question that there was no evidence of the ownership of the animal alleged to have been stolen could be raised by motion for new trial.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2193, 2194, 2297, 2298, 3068; Dec. Dig. ⊙⇒935.]

2. LARCENY ⊙⇒40—INDICTMENT—AVERMENTS—MATERIALITY.
   An indictment charging larceny of a calf alleged that it was the property of a live stock company, a corporation. The articles of incorporation showed that they were filed in 1908. The certificate of brand, which was the only evidence as to the ownership of the animal, showed that it was recorded in 1899. *Held* that, as the averment that the owner of the calf was a corporation was material, the certificate was inadmissible, it hav-

ing been recorded before the corporation came into existence, and hence there was no evidence of ownership.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 102–126, 160; Dec. Dig. ☞40.]

In Error to the Supreme Court of the Territory of New Mexico.

Jim Walker was convicted of larceny, and, the conviction being affirmed by the Supreme Court of the territory, he brings error. Reversed and remanded.

W. W. Gatewood, of Roswell, N. M., for plaintiff in error.

Frank W. Clancy, Atty. Gen. of New Mexico, for the Territory.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge. Plaintiff in error, hereafter called the defendant was indicted in the county of Chaves, territory of New Mexico, for the larceny of one neat cattle, of the value of $10 of the property of the El Capitan Live Stock Company, a corporation, and was convicted and sentenced from one to two years in the penitentiary. This judgment was affirmed by the Supreme Court of the territory, and the case is now here on writ of error.

It is assigned as error that the Supreme Court erred in not holding that the action of the trial court in overruling defendant's motion for a continuance did not constitute reversible error. We think the record presents a very close question upon this point, but as the case must be reversed upon another ground we pass the question, as it will not probably occur again.

[1] It is assigned as error that the Supreme Court erred in holding that the action of the trial court in admitting in evidence over the objections of defendant the certificate of brand offered by the territory to prove the ownership of the calf alleged to have been stolen from the El Capitan Live Stock Company, a corporation, did not constitute reversible error. There is a claim made that no proper exception was taken to the offer of the brand certificate as would justify the present attack upon it. The question that there was no evidence of the ownership of the calf alleged to have been stolen was, however, properly raised by motion for a new trial. Under the practice in the territory, it was permissible to raise this question on motion for a new trial, and the same, having been considered by the Supreme Court, is properly before us.

[2] The indictment alleged specifically that the calf alleged to have been stolen was the property of the El Capitan Live Stock Company, a corporation. Counsel for the territory, in order to prove the allegation of the indictment that the Live Stock Company was a corporation, introduced the articles of incorporation of said company, duly certified by the secretary of the territory, and it appeared therefrom that they were acknowledged by the incorporators on the 21st, 22d and 26th days of December, 1908, and that they were filed in the office of the secretary of the territory December 28, 1908. The certificate of brand introduced in evidence over the objection of counsel for defendant showed that it was recorded in the Territorial Brand Book, No. 4,

page 13, July 2, 1899, nearly 10 years before the El Capitan Live Stock Company, a corporation, was organized. There was evidence that the cow which the calf alleged to have been stolen was sucking had on what is known as the block brand, but we think the evidence wholly fails to show that the El Capitan Live Stock Company, a corporation, had or owned any such brand.

We think the weight of authority is in favor of the proposition that, when the prosecutor in the case at bar alleged that the Live Stock Company was a corporation, he made that fact material. 1 Bishop, New Crim. § 488B, and cases cited. When the proof of incorporation, however, was offered, it showed that the El Capitan Live Stock Company, a corporation, could not have been the owner of the brand filed for record in 1899. With the brand out of the case, the evidence of the territory failed to show the ownership of the calf alleged to have been stolen, and we think the Supreme Court erred in not reversing the judgment below.

For the reasons above stated, the judgment of the Supreme Court and the judgment of the district court in and for Chaves county, N. M., are reversed, and the case is remanded, with instructions to grant a new trial.