(No. 2005, December 20, 1917.)

## STATE v. PARSONS.

### SYLLABUS BY THE COURT.

An indictment for embezzlement, under section 1543, Code 1915, must set forth the name of the owner of the property alleged to have been embezzled, and where such ownership is alleged to be in "African Methodist Episcopal Church of the City of Santa Fe," and failes to allege that it is a corporation, or other legal entity, capable of owning property, such indictment is fatally defective. Territory v. Garcia, 12 N. M. 87, 75 Pac. 34, overruled.

Appeal from District Court, Santa Fe County; Abbott, Judge.

William E. Parsons was convicted of embezzlement, and he appeals. Reversed, with direction to sustain the demurrer to the indictment.

E. R. Wright and J. J. Kenney, both of Santa Fe, for appellant.

The indictment is fatal in that it does not set forth the name of the owner of the property alleged to have been

State v. Parsons, 23 N. M., 520.

embezzled and fails to allege that the "African Methodist Episcopal Church" is a corporation or entity capable of holding property.

9 R. C. L. "Embezzlement" Sec. 34; Sec. 43; Sec. 23.

22 Cyc. 351; People v. Bogart, 36 Cal. 245; People v. Brander, 244 Ill. 26, 91 N. E. 59, 135 A. S. 301; State v. Knowles, 83 S. W. 1083; Garner v. State, 105 S. W. 187; 18 Am. & Eng. Ann. Cas. 343; People v. Cox. 40 Cal. 275; 31 L. R. A. (N. S.) 823, 825; Fletcher v. State, 16 Tex. App. 635; State v. Furlong, 16 Me. 225; Bell v. State, 46 Ind. 453; Jones v. Commonwealth, 17 Grat. 563; McCowan v. State, 58 Ark. 17; Spears v. State, 70 Ark. 144; 66 S. W. 660; Merrit v. State, 73 Ark. 32; 83 S. W. 330; Young v. State, 73 Ark. 169; 83 S. W. 934; State v. McEwen, 151 Ind. 485, 51 N. E. 1053; Williams v. State, 47 Tex. Crim. Rep. 536, 84 S. W. 829; 2 Bishop's New Criminal Procedure, 4th Ed., Sec. 718; 15 Cyc. 517-525 "2"—526 "3"; Cases cited Note 42, 15 Cyc. 526; Nasets v. State (Texas Crim. Appeals), 32 S. W. 698; approved in State v. Suppe, *supra;* Meacham v. State, 45 Fla. 71; 110 Am. St. Rep., 61; Grant v. State, 35 Fla. 581, 48 Am. St. Rep., 263; White v. State, 24 Tex. App. 231; 5 Am. St. Rep., 879; Rapaljo on Larceny, Sec. 386; 2 Bishop's New Criminal Procedure, 4 Ed., Sec. 320, and many cases cited; Calkins v. State, 98 Am. Dec. 157; 9 Am. & Eng. Encyc. Law, 498d; State v. Roubles, 43 La. Ann. 200; 26 Am. St. Rep. 179; Cases cited in note, 98 Am. Dec. at p 157; Staaden v. People, 82 Ill. 432; 25 Am. Rep. 333; State v. Suppe (Kansas), 57 Pacific 107.

Milton J. Helmick, Assistant Attorney General for the State.

The rule established here is that an indictment need not allege that owner of property which was embezzled is a corporation.

Territory v. Garcia, 12 N. M. 96; Territory v. Walker, 16 N. M. 607.

### OPINION OF THE COURT.

ROBERTS, J.—Appellant was indicted under section 1543, Code 1915, which reads as follows:

"If any person who shall be entrusted with any property which may be the subject of larceny, shall embezzle or fraudulently convert to his own use, or shall secrete with intent to embezzle or fraudulently convert to his own use any such property, he shall be deemed guilty of larceny."

Under the indictment appellant was charged with the embezzlement of $20 in money, of the property of the "African Methodist Episcopal Church of the City of Santa Fe." He demurred to the indictment on the ground that it was informal, insufficient, and defective, because it did not state nor show whether the alleged injured party was a "person, an individual, a corporation, a partnership, a joint-stock company, or an association of individuals, and did not name any entity capable of owning property which might be the subject of embezzlement, and did not inform the accused as to the nature of the charge against him." The demurrer was overruled, and upon the trial appellant was found guilty by the jury. Later he was sentenced to a term in the state penitentiary, and appealed to this court.

While many alleged errors are presented and ably argued, the point made against the sufficiency of the indictment is decisive of the case. In an indictment charging embezzlement it is essential to aver the felonious conversion of the property of another. This averment must negative any ownership in the accused, and should state the name of the person to whom the property belongs and the fact of his ownership. Unless the rule is modified by statute, the allegation must be as accurate as in an indictment for larceny. Furthermore, in the case of an association, such facts must be averred as to show that the association could own property in its name. Accordingly, an allegation that the property embezzled was the property of the "American Express Company, an association," without alleging an incorporation, or such facts as would show that such company could own property by that name, has been held insufficient to sustain a conviction. 9 R. C. L. Embezzlement, § 34.

In the indictment now under consideration there was nothing to show that the named owner was a corporation,

association, or other legal entity, capable of owning property. This was an essential allegation under the authorities, and its absence rendered the indictment fatally defective. 22 Cyc. 351; People v. Bogart, 36 Cal. 245; People v. Brander, 244 Ill. 26, 91 N. E. 59, 135 Am. St. Rep. 301. 18 Am. Cas. 341; Wallace v. People, 63 Ill. 451; State v. Suppe, 60 Kan. 566, 57 Pac. 107; Nasets v. State (Tex. Cr. App.) 32 S. W. 698; Meacham v. State, 45 Fla. 71, 33 South, 983, 110 Am. St. Rep. 61; Grant v. State, 35 Fla. 581, 17 South. 225, 48 Am. St. Rep. 263; White v. State, 24 Tex. App. 231, 5 S. W. 857, 5 Am. St. Rep. 879; Calkins v. State, 18 Ohio St. 366, 98 Am. Dec. 121, and note page 157, 2 Bishop's New Criminal Procedure, § 320. The Assistant Attorney General concedes that practically all the cases to be found, which discuss the question, are in accord with the foregoing. He relies solely upon the case of Territory v. Garcia, 12 N. M. 87, 75 Pac, 34, and insists, very properly, that if that decision is to be adhered to by this court, the present indictment is sufficient to withstand the attack made. In that case the court said:

"Appellant complains that the indictment does not say that the Red River Valley Company was a corporation. It is not necessary in an indictment to allege the corporate capacity of the owner of stolen property."

. In support of this text the court cites State v. Shields, 89 Mo. 259, 1 S. W. 336; Fisher v. State, 40 N. J. Law, 169; 2 Bishop's New Crimnial Procedure, § 718; 5 Thompson on Law of Corporations, §6444, and cases there cited. These cases and text-books, however, do not support the rule announced. They all deal with the sufficiency of an indictment under a statute which made it an offense for any person to break and enter any shop, store, or other building, in which there was kept goods, wares, and merchandise, with the intent to steal, or commit any felony therein. Under such a statute the question of the ownership of the building was wholly immaterial. In fact, under such a statute an indictment might be framed, which would be sufficient, even though the name of the owner

was not mentioned. Cases under such a statute are not applicable to larceny and embezzlement, where ownership of the property, stolen or embezzled, must be established in some person or entity capable of owning property.

In the case of Territory v. Jim Walker, 16 N. M. 607, 120 Pac. 336, there is dictum to the same effect, but the indictment specifically alleged that the named company ·was a corporation. This case, however, was reversed by · the Circuit Court of Appeals (227 Fed. 851, 142 C. C. A. 375) and could not be regarded as authority, even though the point had been decided. As the case of Territory v. Garcia, supra, is contrary to these authorities, we must decline to follow it.

For the reasons stated, the judgment will be reversed, with directions to the district court to sustain the demurrer to the indictment; and it is so ordered.

HANNA, C. J., concurs. PARKER, J., being absent, did not participate.