[No. 3,100.]

## DANIEL HARNEY *v.* MOSES HELLER, WILLIAM MATHEWS, LAZAR LION AND GEORGE N. SHAW.

RESOLUTION OF INTENTION TO IMPROVE STREET.—A resolution passed by the Board of Supervisors of San Francisco declaring their intention to improve a street, need not contain a complete plan and specifications of the proposed improvement. The resolution of intention need not describe the work with any more exactness than it is described in the law itself.

REMONSTRANCE AGAINST STREET IMPROVEMENT.—Parties who do not remonstrate against a proposed street improvement in San Francisco, cannot claim the benefit of a remonstrance filed by other parties.

IDEM.—If a remonstrance to a street improvement in San Francisco is filed with the Board of Supervisors, and it is referred to a committee, and the Board, before the committee reports, and without any action directly on the petition, directs the work to be done, it is practically a passing upon and a decision against the remonstrance.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The work was performed in 1868. The defendants appealed.

The other facts are stated in the opinion.

*Bishop & Mathews,* for Appellants.

The authority of the Board of Supervisors in the premises is found in section three of the Act concerning the streets of San Francisco of April 25th, 1862 (Stats. 1862, p. 391), and the fourth section thereof, as amended April 25th, 1863. (Stats. 1863, pp. 525, 526.)

"The Board of Supervisors may order any work authorized by section three of this Act to be done, after notice of their intention so to do, in the form of a resolution describing the work," etc. (Sec. 4.)

It is this resolution from which the Board derives its power to proceed. The complaint in this action did not show any resolution of intention describing the work.

The Board resolved "that a brick sewer, with manhole and cover, be constructed in the crossing of Eighth and Folsom streets, with cesspools, culverts, curbs, and sidewalks, at the angular corners thereof." And "that a brick sewer, with manhole and cover, be constructed in Eighth street, from Folsom to Harrison streets."

Under these descriptions, if descriptions they can be called, the Board might have ordered a sewer of the size of a man's arm, or one occupying the whole street. The requirement of the statute that the sewer should be described is eminently proper, for the owner may be willing to pay for a sewer of sufficient size for his private residence, and yet unwilling to pay for one capacious enough for the purposes of a large hotel.

*Parker & Roche,* for Respondent.

By the Court, BELCHER, J.:

This action was brought to recover a street assessment in the city of San Francisco, and the plaintiff had judgment. Two points only are presented by the appellants, one relating to the sufficiency of the complaint, and the other to the sufficiency of the evidence.

1. We think the demurrer to the complaint was properly

overruled. In the resolution passed by the Board of Supervisors, declaring their intention to improve the street, the work to be done was described as the construction of "a brick sewer, with manhole and cover." This description is imperfect; but so would any description be, short of one containing a complete plan and specifications. It is evident, however, that the law did not require the description to contain a plan and specifications, for, at a later stage in the proceedings, the Board was authorized to call upon the Superintendent of Streets to furnish "plans, specifications and careful estimates." But if the description may be at all imperfect, to what extent may it be imperfect and still meet the requirements of the statute? In *Emery* v. *San Francisco Gas Company*, (28 Cal. 376,) the street was to be macadamized, and to have such incidental grading done upon it as was necessary for that purpose. In the notice of intention the kind of work to be done was described by the words "grade and macadamize," and this was held a sufficient description. "The Board are not required," the Court said, "to describe the work with any more exactness than it is described by the law itself."

2. After the notice of intention had been published the requisite time, certain property owners on the street, but not the defendants here, filed with the Clerk of the Board a remonstrance against the construction of the proposed sewer at that time. This remonstrance was referred to a committee of the Board, and on the next day, before any report was received from the committee, and without any action directly upon the remonstrance, the Board ordered the sewer to be constructed. It is now claimed that the right to object to any proposed work is the *day in Court* of the property holder, and that the Board had no power to order the work to be done until after it had heard and passed upon the remonstrance. The statute provides that "all owners of lands or lots, or portions of lots, who may feel aggrieved by, or who may have objections to, any of the subsequent proceedings of the said Board in relation to the work mentioned in such notices of intention, shall file with the said Clerk a petition or remonstrance, wherein

they shall state in what respect they feel aggrieved, or the proceedings to which they object; said petition or remonstrance shall be passed upon by the said Board of Supervisors, and their decision thereon shall be final and conclusive." (Stats. 1863, p. 526.)

There are two sufficient answers to the point made. First—The defendants to. this action did not feel aggrieved, and did not file any remonstrance against the proposed work. Conceding that the right to object to any proposed work is the day in Court of the property holder, still the defendants had their day in Court, and it is a matter of no concern to them whether certain other property holders, who do not complain, had theirs or not. Second—The decision of the Board upon the remonstrance is made final and conclusive. Practically and in effect the Board did pass upon and decide against the remonstrance, when in disregard of it, it ordered the sewer to be built. The decision being final, it is not easy to see how the parties filing the paper would have been better or worse off if a formal order had been entered denying their power.

Judgment and order affirmed.

Neither Mr. Justice RHODES nor Mr. Justice CROCKETT expressed an opinion.