[No. 6,768.—Department Two.]

## EDWARD DEADY v. JAMES B. TOWNSEND ET AL.

STREET ASSESSMENT—AFFIDAVIT OF DEMAND—EVIDENCE.—In an action to foreclose a street assessment, under the Act of April 1st, 1872, the affidavit of demand prescribed in said act is sufficient proof of demand.

ID. — INCIDENTAL EXPENSES — APPEAL — PRACTICE.—The term " incidental expenses," as used in said act, is confined to contracts for grading; but the objection that incidental expenses were included in the assessment, not having been taken in the Court below, cannot be raised on appeal.

ID.—DESCRIPTION.—A resolution of intention, under said act, which provides that the crossing of McAllister and Polk streets be planked, and that the angular corners thereof be reconstructed, sufficiently describes the work.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Fourth District Court for the City and County of San Francisco. MORRISON, J.

After the decision, the appellant filed his petition that the appeal be reheard in Bank, and the application was denied.

*James B. Townsend* in proper person, and for Appellant Quackenbush.

The affidavit was not *prima facie* evidence of demand, it having been made by an agent of the contractor. In this respect, the case of *Dyer* v. *Brogan* is not in point against us, because proof of the appointment of an agent was not involved in that case.

The assessment and the demand thereunder were excessive, because the assessment included $20.01 for " printing," and $14.40 for " engineering."

The work was not described with certainty ; at least, the word " reconstructing " leaves it uncertain whether the reconstruction shall be by macadamizing or planking, or any of the various modes in which such work may be done.

*J. C. Bates*, for Respondent.

The case of *Dyer* v. *Chase*, *ante*, p. 284, is decisive of the question of the demand.

The kind of work is described in the notice with as much

certainty as necessary to inform property owners what was to be done. (*Harney* v. *Hiller*, 47 Cal. 17.)

MORRISON, C. J.:

This is an action to enforce a lien for work done in planking the crossing of McAllister and Polk streets, and for reconstructing the angular corners thereon. Plaintiff had judgment, and from that judgment, as well as from the order of the Court denying defendant's motion for a new trial, this appeal is prosecuted.

The first point urged for a reversal of the judgment of the Court below is, that the proof of demand was insufficient. This precise question has recently been passed upon by this Court, in the case of *Dyer* v. *Brogan*, *ante*, p. 234, and we see no reason to depart from the ruling in that case. We there held, that the affidavit of demand indorsed upon the warrant was competent evidence of such demand, and that the affidavit was sufficient in form. The affidavit in this case is substantially the same as that in the case referred to, and we are of opinion that it was sufficient.

The second point raised on this appeal is, that the assessment was in fact illegal, as it included incidental expenses, to wit: " An item for printing, and a charge for engineering."

In subdivision 5 of § 24, Act of April 1st, 1872, the term " incidental expenses " is defined as the " expense of printing, measuring, and advertising the work done under contracts *for grading*." This was not a contract for " grading," but, as has already been observed, was one for " planking," and therefore the items for incidental expenses were improperly included in the assessment. But no objection was made to the assessment in the Court below on that ground, and the objection is first made upon this appeal. We think it comes too late. It is therefore not necessary for us to decide whether the objection could have been considered if it had been properly made on the trial of the cause.

The third and last point is, that the resolution of intention did not describe the work with sufficient certainty. The resolution was, " that the crossing of McAllister and Polk streets be planked, and that the angular corners thereof be recon-

structed." In the case of *Emery* v. *San Francisco Gas Company*, 28 Cal. 376, the notice of intention was to "grade and macadamize," and this was held a sufficient description of the work; and in the case of *Harney* v. *Heller*, 47 Cal. 17, the Court says that a resolution of intention to "construct a brick sewer with man-hole and cover" is sufficient. In that case it is said: "This description is imperfect; but so would any description be, short of one containing a complete plan and specifications. It is evident, however, that the law did not require the description to contain a plan and specifications; for, at a later stage in the proceedings, the board was authorized to call upon the superintendent of streets to furnish plans, specifications, and careful estimates." The meaning of the resolution is, that the angular corners formed by the crossing of the two streets (McAllister and Polk) were to be reconstructed in accordance with plans and specifications to be prepared by the superintendent of public streets, and we are of the opinion that the resolution of intention was sufficiently certain.

The judgment and order appealed from are affirmed.

MYRICK, J., and THORNTON, J., concurred.