[L. A. No. 138. Department Two.—April 7, 1897.]

S. WHITE, APPELLANT, *v.* CHARLES T. HARRIS, ET AL., RESPONDENTS.

STREET IMPROVEMENT—SEWER—WORK ON SEVERAL STREETS—NOTICES.— Where a resolution of intention for a street improvement describes the contemplated work as the construction of a public sewer along specified portions of several different streets, the notice required by section 3 of the street act, as amended in 1889, p. 158, to be published and posted along the line of the contemplated work, must describe the work as an entirety; and a notice posted along one of such streets, which merely describes the work to be done thereon, is insufficient, notwithstanding a reference in the notice to the resolution of intention for further particulars.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. WALDO M. YORK, Judge.

The facts are stated in the opinion.

*John T. Jones,* for Appellant.

*Wells & Lee, Allen & Flint, Mulford & Pollard,* and *Calvin Edgerton,* for Respondents.

BRITT, C.—Action to enforce an assessment for the expense of constructing a sewer in the city of Los Angeles. A judgment sustaining a demurrer to the complaint was reversed on a former appeal. (*White* v. *Harris,* 103 Cal. 528.) After that decision trial was had in the court below, and resulted in favor of defendants. The decision of one of several questions now argued by counsel will suffice for the disposition of the case.

A resolution of intention was passed by the city council on June 20, 1889, declaring the purpose of the council to order the construction of a public sewer along specified portions of eight different streets. Thereupon it was the duty of the superintendent of streets under section 3 of the "Act to provide for work upon streets," etc. (amended in 1889, stats. 1889, p. 158), to post along the line of the contemplated work, and publish in a newspaper, notices stating the fact and date of the passage of the resolution, briefly the work or improvement proposed, and referring to the resolution for further particulars. It is not disputed that substantial compliance with such provisions was essential to the validity of the subsequent proceedings. Notices were posted along the designated portion of each street on which the sewer was to be constructed, describing the work proposed as a public sewer within the defined limits on that street, but making no mention of its extension to any of the other seven streets named in the resolution; thus, the work proposed was stated in the notices posted along College street to be " a public sewer on College street from a point ten feet west of the center line of Buena Vista street to a point twenty-seven feet east of the east line of Ramona avenue"; this notice

was posted along the described part of College street and not elsewhere; a like course was pursued as to the notices along the line of the sewer on each of the other streets respectively. The publication made in a newspaper was found by the court to have been "similar in substance to the said posted notice." Thereafter a contract was let to plaintiff's assignor for the construction of the sewer as an entirety; and the subsequent assessment apportioned the cost of the whole work upon all the frontage along the eight streets where the sewer was laid.

Appellant argues that each notice pointed to additional work by referring to the resolution of intention for further particulars. The statute, however, requires that the notice itself shall state briefly the work proposed; and we cannot allow that it is a compliance with this requirement to designate in the notice only a relatively small transverse section of an extended line or network of sewers. The case of *Perine* v. *Erzgraber*, 102 Cal. 234, relied on by appellant, does not meet the objection; the notice there identified the locality of the proposed work, and such identification was declared to be among the evident objects to be effected by the same; in that particular the notices in the present case were misleading; no one being apprised merely that a sewer was contemplated within certain limits on a single street would have any intimation that its locality extended over seven other streets also. It is contended further that no owner of property to be assessed could be damnified by the omission; this for the reason that the assessment being apportioned according to feet frontage, any extension of the sewer beyond a single street is accompanied by a corresponding extension of assessable frontage. But the conclusion appears unwarranted when we reflect that the laying of the sewer on one street may involve only excavation in sand, for example, while in other streets it might require the filling of a morass or blasting of rock, to the material enhancement of the general cost.

The judgment and order appealed from should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.