[S. F. No. 2286.   Department One.—December 15, 1902.]

J. C. BATES, JR., Respondent, v. J. F. TWIST et al., Appellants.

STREET IMPROVEMENT—RESOLUTION OF INTENTION—DISTINCT IMPROVEMENTS—POWER OF BOARD.—Under section 2 of the Street Improvement Act, it is within the legislative power of the municipal board, to include, at the same time and in the same resolution of intention, distinct classes of improvements, and the improvement of the whole or any portion of one or more streets, whether connected or remote from each other, without requiring them all to be included in the same resolution ordering the work, or to be contracted for by the same individual.

ID.—DESIGNATION OF DISTINCT IMPROVEMENT.—The designation of a distinct street or portion of a street which is to be improved, with a description of the work to be done thereon, renders it a distinct and several improvement, whether it be the only improvement specified in the resolution of intention, or in the resolution ordering the work, or whether other improvements are included with it. After the improvements have been ordered, their distinct and several character is to be observed in the subsequent proceedings.

ID.—NOTICE OF DISTINCT IMPROVEMENT—CONSTRUCTION OF STATUTE.— The statute is to have a reasonable construction, and in giving effect to the underlying principle that the cost of an improvement shall be borne by the lands adjacent thereto, and that the owner shall be informed of said improvement, the superintendent of streets was not required to post, along the line of a particular street to be improved in part, notice of any other distinct improvement than that contemplated upon such street.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

John H. Durst, for Appellants.

J. C. Bates, for Respondent.

HARRISON, J.—Action upon a street assessment in San Francisco. Judgment was rendered in favor of the plaintiff, and the defendants have appealed, presenting their appeal upon the judgment-roll with a bill of exceptions.

The board of supervisors passed a resolution of its intention to order ''That N Street South, between Fifteenth Avenue South and the southwesterly line of Nineteenth Avenue South, be graded to the official line and grade; that redwood curbs and rock gutters be laid thereon, and that the roadways and sidewalks of said portion of N Street South be macadamized,'' and subsequently passed a resolution ordering the improvements. A contract therefor was awarded to the plaintiff's assignor, and upon its completion the superintendent issued the assessment upon which the action is brought.

The resolution of intention included street work of various kinds upon many other streets than N Street, and also the improvement of the crossing of N Street and Fifteenth Avenue. Only a portion of the improvements described in the resolution of intention upon the streets other than N Street were included in the resolution ordering the work, and this resolution included many improvements which were not included in the resolution of intention. Separate contracts were awarded for the different improvements ordered by the board, and the contract awarded to the plaintiff's assignor did not include any of the work so ordered other than that described in the assessment herein.

The appellants urge in support of their appeal that, as the resolution of intention is the foundation of all the subsequent proceedings, such subsequent proceedings must in all respects correspond with the resolution of intention; that all of the work specified in the resolution of intention is an entirety, and must in all subsequent proceedings be dealt with as such by the board of supervisors; that the resolution ordering the work done, the resolution of award, and the contract must each include all of the work which is described in the resolution of intention; and that an assessment made under a contract for doing a portion of the work embraced therein is unauthorized and creates no lien.

Section 2 of the Street Improvement Act gives to the city council power to order "the whole or any portion, either in length or width," of the streets in the city to be improved in the manner therein designated. Under the authority thus conferred, it is within the legislative power of the board of supervisors, after having acquired jurisdiction therefor, to order the improvement of the whole or of any portion of one or more streets, whether connected or remote from each other, at the same time and in the same resolution. The statute does not limit the number of improvements which the board may order at the same time, or require that a separate resolution of intention shall be adopted for each of said improvements. As in the case of any other legislative body, in the absence of any restrictions upon its mode of action, the board may include more than one item of legislation in a single ordinance or resolution. In *Los Angeles L. Co.* v. *Los Angeles,* 106 Cal. 156, we said: "The resolution of intention is only a proposition by the council, and frequently consists of distinct classes of improvements upon designated portions of the same street or of different streets; and in such case it is competent for the council to order only one or more of these classes to be done." (See, also, *Emery* v. *San Francisco Gas Co.,* 28 Cal. 346; *Mahoney* v. *Braverman,* 54 Cal. 565.) It may often happen, as in the present case, that the public interest requires the improvement of streets situate in widely separated parts of the city, and, if so, no reason is shown or can be suggested why the board may not cause such improvements to be included in the same resolution of intention, without requiring them to be contracted for by the same individual. The designation by it of a street or portion of a street which is to be improved, with a description of the work to be done thereon, becomes thereby a distinct and several improvement, whether it be the only improvement specified in the resolution of intention or in the resolution ordering the work, or whether other improvements are included with it. After the improvements have been ordered, their distinct and several character is to be observed in the subsequent proceedings.

The same considerations authorize the board to include as different items of improvement different portions of the same

street, even though they are adjacent to each other. In the present case the character of the improvement upon the crossing of N Street and Fifteenth Avenue is different from that upon N Street between Fifteenth and Nineteenth avenues, and it would appear that this crossing had been previously graded—doubtless with the grading of Fifteenth Avenue. If so, the board could not have ordered the grading of the crossing with that of N Street, and its purpose to improve the crossing by constructing cesspools and culverts thereon —a different improvement from that ordered upon N Street —was of necessity an independent item of street improvement. *Treanor* v. *Houghton,* 103 Cal. 53, cited by the appellants, has no application to the present case. In that case the city council of San José ordered the improvement of Julian Street, between First Street and the eastern limits of the city. The improvement thus ordered was an entirety within the principles above stated, and should have remained so throughout the subsequent proceedings. The council, however, divided the street into six sections, and awarded contracts for each section separately, and this action was held to be unauthorized.

The underlying principle of the Street Improvement Act is, that the cost of the improvements of the several streets in a municipality shall be borne by the lands adjacent to such improvement, and that the owners of these lands may be informed of the contemplated improvement for which they are liable to be assessed. The statute is to have a reasonable construction, and in giving effect to this principle the superintendent of streets was not required to post along the line of N Street notices of any other improvement than that contemplated upon N Street. In *White* v. *Harris,* 116 Cal. 470, cited by the appellants, the improvement was for a system of drainage by means of connecting sewers in different streets, and the resolution of intention described the work as "*a* public sewer" along specified portions of eight different streets. The resolution of intention, and also the resolution ordering the work, described the work as a single improvement, and a contract was afterwards let for its construction as an entirety. The notices of the proposed work which were posted by the superintendent described only separate por-

tions of the work upon the respective streets, and not the entire improvement as contemplated. It was held that the posting of notices of this character was not a compliance with the statute.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.