[L. A. No. 1887.   Department Two.—June 7, 1907.]

CHARLES M. STIMSON, Appellant, v. JAMES HANLEY, as Street Superintendent of the City of Los Angeles, and FAIRCHILD–GILMORE–WILTON COMPANY (a Corporation), Respondents.

STREET IMPROVEMENT—RESOLUTION OF INTENTION FOR VARIOUS CLASSES OF WORK—UNITY OF WORK—LOWEST BIDDER FOR ENTIRE WORK.— Where a resolution of intention to improve a particular piece of street described the work to be done as ·consisting of paving, guttering, and curbing the street between the two terminals, and con-constructing certain culverts, and bids are duly invited for doing the same, the work to be done is to be considered as a unit, and the lowest bidder for the entire work is entitled to be awarded the contract, notwithstanding there were lower bidders for each particular class of the work.

APPEAL from a judgment of the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Frank G. Finlayson, and A. B. McCutchen, for Appellant.

W. B. Matthews, Leslie R. Hewitt, and Albert Crutcher, for Respondents.

E. R. Fox, *Amicus Curiæ,* for Respondents.

McFARLAND, J.—A general demurrer to the complaint was sustained, and plaintiff declining to amend, judgment was rendered for defendants.   From this judgment plaintiff appeals.   Plaintiff is the owner of certain city lots in the city of Los Angeles abutting on Ninth Street, between the east line of Center Avenue and the east line of Santa Fe Avenue; and the city council of said city duly passed a resolution of intention that certain street-work be done on said Ninth Street between the two points above stated.   The board determined that the contemplated work was of more than local and ordinary public benefit, and declared external boundaries of a district to be benefited by the improvement and to be assessed to pay the cost thereof; and it also

found that the cost of improvement was exceeding fifty cents a foot on each line of the street, and determined that bonds should be issued to represent the cost, as provided by statute. No objection was made by appellant to these proceedings. The work or improvement ordered consisted of paving, guttering, and curbing Ninth Street between the said two terminals, and constructing certain culverts. An invitation was duly given for sealed proposals or bids for doing the work, and no objection was made by appellant to any of the proceedings down to this point. Bids were opened on the day fixed for that purpose, and it then appeared that the defendant the Fairchild-Gilmore-Wilton Company, a corporation, and which we will call hereafter for brevity the Fairchild Company, had bid for the whole work at the rate of seventeen and a half cents per square foot for the paving, five cents per lineal foot for the curbing, fifteen cents per square foot for guttering, and twelve dollars and a half per lineal foot for the culverts. Only one other bid was made for the whole work; this was of Andrew Holloway, but it was for a larger amount than the bid of the Fairchild Company. There was also another bid by C. Clifford for the curbing alone, which was lower than the bid for the Fairchild Company for that part of the work; and there was also a bid by Charles Stansbury for the guttering and culverts, which was lower than the bid of the Fairchild Company for the said item. The board awarded the contract to the Fairchild Company, and this action was brought to enjoin the defendant James Hanley, who is street superintendent of said city, from entering into the contract with the Fairchild Company pursuant to said award. The sole contention of appellant is that the order of the council was erroneous and without warrant because the Fairchild Company was not the lowest bidder; and that it was not the lowest bidder because another person who bid only on part of the work had bid lower on that part. We do not think that this contention is maintainable. The purpose of the council was to improve Ninth Street between the said terminal points into a completed street, and to receive bids for the necessary work to accomplish that result. The resolution of intention and the invitation for bids speak of the thing to be done as a "work" or "improvement,"—in the singular—and evidently contemplates that this "work" is to

be dealt with as a unit. The invitation for bids was clearly for this "work" as a whole, and a bid for less than the whole work was not in response to the invitation, and was properly disregarded. The Fairchild Company's bid for the whole of the work was in perfect response to the invitation; the estimate of the cost of one part of the work was manifestly based upon the consideration that it was to do the whole work; and it was under no obligation, legal or moral, to undertake any of the work less than the whole. The council had the right, as it admitted, to have this work done under one contract, and there is no reason to think that it contemplated four distinct contracts with four assessments, warrants, etc. Four separate contractors, each claiming to do his part of the work at his convenience, would lead to conflicts and confusion, while one contractor for the whole could do each part of the work at the appropriate time. Moreover, the determination by the council that the work was of more than ordinary importance, calling for the creation of a distinct district, and the declaration that bonds should be issued to represent the cost, were evidently based on the improvements as one work, and would be inconsistent with a contemplation of several independent contracts with different contractors, to be followed by different assessments, warrants, series of bonds, etc.

Appellant contends that his point is supported by two cases heretofore decided by this court, *Los Angeles Lighting Company* v. *Los Angeles,* 106 Cal. 156, [39 Pac. 535], and *Bates* v. *Twist,* 138 Cal. 52, [70 Pac. 1023], but we do not so construe those cases. In the first-named case there was involved only the right of the lot-owners to protest against the contemplated improvement; and it was there held that when the contemplated improvement included several classes of work, an effectual protest might be. made as to some of the classes of work, without objection being made to all, the court saying that "The owner may protest against a portion of the work included in the resolution without including in his protest all of the work embraced therein." But this proposition does not reach the question of the validity of a bid, which is involved in the case at bar. In *Bates* v. *Twist,* 138 Cal. 52, [70 Pac. 1023], there had been a resolution of intention providing certain improvements on N Street in

San Francisco, and also of street work of various kinds upon streets other than N Street. The resolution ordering the work done did not include all the work included in the resolution of intention, and it was contended that for this reason the contract and subsequent proceedings were void. The court held the contract valid, and made a distinction between work ordered on a part of a particular street, and work to be done at different parts of the city—which it was held might be all included in one resolution of intention. The court say: "It may often happen, as in the present case, that the public interest requires the improvement of streets situate in widely separated parts of the city, and, if so, no reason is shown or can be suggested why the board may not cause such improvements to be included in the same resolution of intention, without requiring them to be contracted for by the same individual"; and then the court proceeds as follows: "The designation by it of a street or a portion of a street which is to be improved, with a description of the work to be done thereon, becomes thereby a distinct and separate improvement, whether it be the only improvement specified in the resolution of intention or in the resolution ordering the work, or whether other improvements are included with it." All this is entirely in accord with the views hereinafter expressed. Moreover, in *Bates* v. *Twist* reference is made to *Treanor* v. *Houghton,* 103 Cal. 54, [36 Pac. 1081], and the court say that in *Treanor* v. *Houghton* "The city council of San Jose ordered the improvement of Julian Street between First Street and the eastern limits of the city. The improvement thus ordered was an entirety within the principles above stated and should have remained so throughout the subsequent proceedings." In the same case of *Treanor* v. *Houghton* the subject is elaborately discussed and the conclusion reached is that the resolution of intention to improve a particular piece of street, although the improvement may consist as it usually does, of two or more classes of work, must be considered as a unit, and the work must be let under a single contract, and that the "city council has no power to award separate contracts in such a case for the performance of a single improvement."

Our conclusions are that the Fairchild Company was legally the lowest bidder and entitled to have the contract; that

there is no valid reason why the defendant the street superintendent should not enter into the contract with the other defendant which was awarded by the council; and that the demurrer to the complaint was properly sustained.

The judgment appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.