[S. F. No. 5623.   In Bank.—February 11, 1915.]

EVELINA REMILLARD, Respondent, v. BLAKE AND BILGER COMPANY (a Corporation), Appellant, UNION SAVINGS BANK (a Corporation), et al., Respondents.

STREET ASSESSMENT — FRONT FOOT ASSESSMENT PLAN — SEVERAL STREETS MAY BE INCLUDED IN ONE IMPROVEMENT—VROOMAN ACT.— Under the general street law, embodied in the so-called Vrooman Act of 1885, and its amendments, municipal authorities have discretionary power to cause several streets to be improved according to the front foot assessment plan as one improvement and under one award and contract. There is nothing in the language of such statute which justifies the drawing of a distinction, in this respect, between the construction of a sewer and any other kind of street improvement authorized by the Vrooman Act.

ID. — JURISDICTION OF CITY COUNCIL — DISCRETION AS TO INCLUSION OF SEVERAL STREETS.—If the portions of the various streets to be improved are so related that the improvement of them as a whole may fairly be deemed to be a benefit to all the property fronting upon such parts, the council does not exceed its jurisdiction by treating the work on the several streets as an entirety, and including it in a single proceeding. Whether one or more streets should form a unit

for improvements is a question committed primarily to the discretion of the council.

ID.—WAIVER OF DEFENSE BASED ON ILLEGALITY IN ASSESSMENT PROCEEDINGS.—A defense to an action to enforce a lien for street work, founded upon an illegality in the proceedings under the resolution of intention, may be waived.

ID.—STREETS OF DIFFERENT WIDTHS—INCLUSION IN SINGLE IMPROVEMENT.—The fact that some of the streets are wider than others does not affect the power of the council to improve them in a single proceeding and under one contract, notwithstanding an owner fronting on a narrower street will be required to pay the same amount per front foot for grading or paving as one who fronts upon a wider street.

ID.—BASIS OF FRONT FOOT METHOD OF ASSESSMENT — ASSESSMENT BASED ON BENEFITS TO PROPERTY OF OWNER.—The front foot method of assessment is not based on the view that each owner shall pay the cost of so much of the improvement as is made on the portion of the street opposite his lot. The assessment is to be supported on the ground that each owner is charged with an amount equal or proportionate to the benefit conferred upon his property by the entire improvement, and this benefit, in theory, at least, is regarded as measured by the number of feet of frontage upon the work.

ID.—FRAUD OR ABUSE OF DISCRETION OF CITY COUNCIL.—The propriety of including streets of unequal width in a single improvement according to the front foot assessment plan is for the determination of the city council, and its decision will not be overthrown except upon a showing of fraud or abuse of discretion.

ID.—RIGHT OF OWNERS TO BAR WORK BY PROTEST.—The Vrooman Act does not give the right to bar the work, by protest, for six months, to the owners of the majority of the frontage on a street, but to "the owners of a majority of the frontage of the property fronting on said proposed work or improvement." If the "work or improvement" covers more than one street, a majority of the frontage on all the streets covered by the proposed work must join to make the protest effectual.

ID.—AGREEMENT BY PROPERTY OWNERS WAIVING IRREGULARITIES—OPTION FOR REBATE OF ASSESSMENT — CONSIDERATION — FAILURE TO EXERCISE OPTION.—Under a written agreement made by the property owners with the contractor, declaring that the former waived any illegality or irregularity in the proceedings "in consideration of a deduction of five per cent from the total amount (provided the said amount is paid by us within ninety days from the date of the assessment-roll) to be assessed to us under the contract," the property owners' option to obtain the rebate upon the condition stated was a good consideration for their waiver, and its sufficiency as a consideration was not impaired by the fact that they failed to exercise their option.

ID.—RESOLUTION OF INTENTION—CONSTRUCTION OF WOODEN BRIDGES—
  KIND OF WOOD NEED NOT BE STATED.—A resolution of intention pro-
  viding that "wooden bridges" be constructed at certain points over
  the gutters at each end of cross-walks, is not fatally defective for
  failure to describe the kind of wood to be used in the bridges.

APPEAL from a judgment of the Superior Court of Ala-
meda County and from an order refusing a new trial.   John
Ellsworth, Judge.

The facts are stated in the opinion of the court.

Johnson & Shaw, for Appellant.

R. M. Soto, and H. S. Craig and W. B. Rinehart, *Amici
Curiae,* for Plaintiff and Respondent.

Reed, Black & Reed, for Defendants and Respondents.

SLOSS, J.—After judgment on the appeals here presented
had been rendered in the district court of appeal for the
first appellate district, an order was made transferring the
cause to this court for hearing and determination.

Our further examination has led us to the conviction that
the district court of appeal made a correct disposition of the
cause.   The opinion in that court, prepared by the late Mr.
Justice Hall, was as follows:

"Plaintiff filed her complaint against Blake & Bilger Com-
pany, seeking to quiet her title to a piece of land situate in
the town of Emeryville.   Blake & Bilger Company filed its
answer, setting up a claim of lien for an assessment made for
street work done under the 'Vrooman law,' so called, and its
amendments, and also a cross-complaint in the usual form for
a foreclosure of such lien.

"The other defendants were made parties to the proceeding
under the cross-complaint, but according to the statement of
counsel they now have no interest in or claim upon the prop-
erty.   Hereinafter when we refer to defendant we shall mean
Blake & Bilger Company.

"Plaintiff made answer to the cross-complaint of defendant,
and the action resolved itself into an action to foreclose the
lien of defendant for the asserted assessment.

"The theory of plaintiff is that the street assessment is void,
because it was based upon a single proceeding, order, and

contract for the doing of street work of various kinds upon several different streets.    In other words, the work was treated and carried out by the town authorities as one improvement, and not as several and distinct improvements.

"The trial court adopted as correct the theory of plaintiff, and made findings accordingly, and gave judgment for plaintiff, and denied defendant any relief upon its cross-complaint.

"The work called for by the resolution of intention consistec of various sorts of street work authorized by the statute, and to be done upon several distinct streets.    The principal street embraced in said resolution was Adeline Street.    All the other streets intersect said Adeline Street at various points with the exception of Peralta Street and Magnolia Street, which are distant therefrom one block.    Magnolia Street is in fact but a prolongation and widening of Peralta Street at its southern end.

"All the portions of the streets proposed to be improved are contained in a compact V-shaped district, about 3,000 feet long and about 1,500 feet wide at its widest end.    The proceedings were under the plan calling for front-foot assessment, and the assessments were made for the several kinds of work according to this plan, the cost of each kind of work being charged only against such property as was liable therefor under this plan.    All the work was done under one contract.

"The contention of plaintiff is that, under the general street law, under which this work was done, the municipal authorities have no power to cause several streets to be improved as one improvement, but that the work done upon each street must be done as a separate and distinct improvement.

"Upon the other hand, defendant insists that the extent of the work to be done as one improvement, and under one contract, lies within the discretion of the board of trustees.

"The trial court seems to have adopted as correct the theory of plaintiff, and made its findings and decree accordingly.

"While there is some inharmony in the language used by the supreme court in different decisions bearing upon the question, we think the contention of defendant and appellant is correct, and that the municipal authorities have jurisdiction and power to order several streets improved in one proceeding and as one improvement, to be performed under one contract.

"Section 2 of the present street law [Gen. Laws, 1909, Act 3930] is, as far as the present question is concerned, substantially the same as the street law of 1872, [Stats. 1871–72, p. 804] which the court had before it in *Mahoney* v. *Braverman,* 54 Cal. 565, where the power of the municipal authorities to cause a sewer to be laid in two streets in one proceeding and under one contract was sustained. It was there said: 'It is objected that the board of supervisors had no jurisdiction or power to order a sewer to be constructed in Willow Avenue and Gough Street in one and the same award and contract, inasmuch as they were two separate streets.' The court then refers to the statute and quotes the language thereof, which is substantially the same as that of the present statute, and then says, 'On the most cursory perusal of the sections cited, one must be struck with the broad and ample powers conferred by them on the board of supervisors in regard to street improvements. These powers seem to embrace every conceivable variety of street improvement, and they certainly embrace the whole or any portion of the streets to be improved. The language used is not of such a character as to confine the powers vested in the board to each street. If such had been the intention of the legislature, language suitable to disclose that intention and warrant the interpretation that each several street was referred to, and that the powers granted were to be so confined, could have been readily found and would have been employed. Such an intention would have been clearly manifested by inserting the words "of each" before the words "of the said streets," . . ., etc.'

"This decision was rendered in 1880, and the Vrooman Act was passed in 1885, and yet no change was made in the language of the statute in regard to the power of the board to improve streets.

"Section 8 of the present act, as enacted in 1885 and as it now stands, is that there shall be attached to the assessment 'a diagram exhibiting each street . . . on which work has been done.' This language clearly indicated that the legislature intended that several streets could be improved under one order and under one contract.

"In *White* v. *Harris,* 116 Cal. 470, [48 Pac. 382], the resolution of intention was for the construction of a sewer in eight different streets. Thereafter a contract was let doing the work as one improvement. The notices of the work posted

along each street referred only to the work done on such street. It was held that the notices were insufficient upon the ground that the work upon the eight streets constituted but one improvement.

"The case principally relied upon by plaintiff to support the contention that the work upon each street must be treated as a distinct and separate improvement to be separately contracted for is *Bates* v. *Twist,* 138 Cal. 52, [70 Pac. 1023]. In this case the resolution of intention called for work upon widely separated streets. While the report of the case does not make it very clear, the fact was, as disclosed by the record of the case now before us, that the resolution of intention indicated that the work upon the different streets was to be treated as so many distinct pieces of work. It directed that the notice should require that persons objecting to the work should state in their protests the frontage of their property, and upon what street it was located, and also designated a paper for the publication of the notices 'in relation to the several pieces of work described aforesaid respectively.'

"Following the clearly indicated purpose of the resolution of intention, awards of contracts were subsequently made for the several pieces of work called for as distinct improvements. In the suit to foreclose, it was objected that only one contract could be let for all the work called for by the resolution of intention. The only point involved in that case was as to whether or not under such a resolution of intention all the work must be treated as one improvement to be done under one contract. In answering this question in the negative the court did use language which lends support to the contention of plaintiff in the case at bar. But such language must be understood as limited to the facts then before the court. That the court did not intend to lay down the rule that work on several streets may not be done as one improvement under one contract is manifest from its analysis of *White* v. *Harris,* 116 Cal. 470, [48 Pac. 382], in which it distinctly recognizes the power under the statute to cause work to be done on several streets as one improvement under one contract.

"In *San Francisco Paving Co.* v. *Egan,* 146 Cal. 636, [80 Pac. 1096], the resolution of intention, as disclosed by the record of the case, also clearly indicated the purpose to treat the work upon the different streets as distinct improvements, and they were so treated throughout the proceedings. In no

case where the point was involved has it been decided that
the city council has no power to order work upon different
streets to be done as one improvement under one contract.
On the contrary such power has been distinctly upheld in
*Mahoney* v. *Braverman,* 54 Cal. 565.

"The trial court fell into error in holding that the proceed-
ing is void because work on different streets was included in
one award and contract, and for that reason the findings it
made upon such theory are not supported by the evidence.

"The court also erred in sustaining plaintiff's objections to
certain evidence that defendant offered in support of its alle-
gations that plaintiff had waived any defense to the assess-
ment founded upon any illegality in the proceedings under
the resolution of intention. Since the time of the trial of
this case it has been determined that such a defense may
be waived to an action to enforce a lien for street work in
*Allen* v. *Hance,* 161 Cal. 189, [118 Pac. 527], which overrules
*Heft* v. *Payne,* 97 Cal. 108, [31 Pac. 844], upon which the
ruling of the trial court was doubtless based."

The foregoing opinion, which contains a fair statement of
the essential facts bearing on the questions discussed, has our
complete approval, and is adopted as a part of the opinion of
this court. It may be well, however, to add one or two
observations concerning the points decided in said opinion,
and to refer briefly to the contention of plaintiff and respond-
ent that certain further points advanced by her were not
noticed by the court of appeal.

The main question in the case is whether the assessment is
void because "based upon a single proceeding, order and con-
tract for the doing of street work of various kinds upon sev-
eral different streets." The opinion of Mr. Justice Hall shows
that the statute, as construed by this court, authorizes the
city council to include in a single scheme of improvement work
upon more than one street. *Mahoney* v. *Braverman,* 54 Cal.
565, and *White* v. *Harris,* 116 Cal. 470, [48 Pac. 382], in
which this rule was declared, were cases of sewer improve-
ments. We are unable to find in the statute any language
which justifies the drawing of a distinction, in this respect,
between the construction of a sewer and any other kind of
street improvement authorized by the Vrooman Act. If the
various streets, or, rather, the portions thereof to be improved,
are so related that the improvement of them as a whole may

fairly be deemed to be a benefit to all the property front-
ing upon such parts, the council does not exceed its jurisdic-
tion by treating the work on the several streets as an entirety,
and including it is a single proceeding. Whether one or more
streets should form a unit for improvements is a question
committed primarily to the discretion of the council. No
abuse of discretion appears here.

The fact that some of the streets are wider than others—
a circumstance not particularly mentioned in the opinion of
the court of appeal—does not affect the conclusion reached.
It is true that an owner fronting on a street sixty feet in
width will be required to pay the same amount per front foot
for grading or paving as one who fronts upon a street eighty
or one hundred feet wide. But the front-foot method of
assessment is not based upon the view that each owner shall
pay the cost of so much of the improvement as is made
on the portion of the street opposite his lot. The assessment
is to be supported upon the ground that each owner is charged
with an amount equal or proportionate to the benefit con-
ferred upon his property by the entire improvement, and this
benefit, in theory, at least, is regarded as measured by the
number of feet of frontage upon the work. The assessment
imposed upon an individual owner may be greater or less than
the cost of doing the particular part of the work on the
portion of the street opposite his lot. This is obviously so,
even where only a part of a single street is improved. If
the work be, for example, grading, the expense involved may
be far greater on some parts of the street, or of a block, than
on others. Yet the assessment per front foot must be equal
and without regard to the varying difficulty or cost of the
work at different points along the line of improvement.

If the grading or paving of two streets may be united in
one proceeding, it is because the property on each of the
streets is benefited by the improvement of the others. The
work as a whole is a benefit to all of the property to be as-
sessed. The extent of the benefit is not measured by the
width of the street, but, under the statute, by the frontage.
Property fronting on a narrow street may be benefited by
an improvement of the several streets as much as property
fronting on a wider street. These are matters to be consid-
ered by the council in fixing the extent of the improvement,
and its decision is not to be overthrown except upon a showing

of fraud or abuse of discretion. The mere fact that the streets are of varying widths, which is all that appears here, is not enough to invalidate the proceeding.

There is no merit in the claim that the construction which we have given to the statute impairs the right of the majority of owners on any single street to bar the work, by protest, for six months. The Vrooman Act does not give this right to the owners of the majority of the frontage on a street, as is assumed in the argument, but to "the owners of a majority of the frontage of the property fronting *on said proposed work or improvement.*" (Sec. 3.) If the "work or improvement" may cover more than one street, a majority of the frontage on all the streets covered by the proposed work must join to make the protest effectual.

On the subject of waiver or estoppel, little need be said beyond what is contained in the opinion quoted above. The respondent seeks to distinguish *Allen* v. *Hance,* 161 Cal. 189, [118 Pac. 527], on the ground that in that case there was a mere irregularity, which might be cured by estoppel or waived, whereas here the defect (i. e., the joinder of the improvement of the various streets in a single proceeding) went to the jurisdiction of the council and the want of power, as is claimed, could not be supplied by estoppel. But if there be any difference in this respect between a want of power and an irregularity, the point is not applicable to the case at bar, since, as we have seen, the council did not exceed its jurisdiction in ordering the improvements by a single proceeding.

The excluded writing, which was relied upon as creating an estoppel, declared that the signers waived any illegality or irregularity in the proceedings, "in consideration of a deduction of five per cent from the total amount (providing the said amount is paid by us within ninety days from the date of the assessment roll) to be assessed to us under the contract . . . " The payment was not made within the ninety days. This fact did not establish a mutual abandonment of the waiver agreement. If, as alleged in the cross-complaint, the appellant went on and completed the work in reliance upon the agreement, its right to stand upon the waiver was not lost by the failure of the owners to take advantage of the deduction of five per cent which they might have claimed. Their right to this deduction was made conditional upon pay-

ment by them within ninety days. The option to obtain the rebate upon this condition was a good consideration for their waiver, and its sufficiency as a consideration was not impaired by the fact that they failed to exercise their option.

The district court of appeal did not notice the respondent's point that the assessment was void because "in the cost and expense assessed were included the cost and expense of work done on Adeline Street on that portion thereof occupied by the tracks of the Atchison, Topeka and Santa Fe Railway Company." An inspection of the record discloses that the point has merely formal, rather than substantial, support in the evidence. The assessment named, at the outset, a total sum of $60,072.28, which included the amount payable by the railroad company. But when the apportionment to the various lots was made, credit was given for $2150, the cost of work on the railroad right of way, and the balance, $57,921, was apportioned according to the statute to the various lots. The aforesaid sum of $2150 was, as shown by the assessment, paid by the railroad company.

The resolution of intention provided that "wooden bridges" be constructed at each end of the cross-walks (i. e., over the gutter from the crosswalk to the sidewalk) at certain points. It is claimed that there was a fatal defect in the failure to describe the kind of wood to be used in these bridges. We think the description was sufficient. (*Harney* v. *Heller*, 47 Cal. 15; *Deady* v. *Townsend*, 57 Cal. 298.)

There are no other points requiring notice.

The judgment and the order appealed from are reversed.

Shaw, J., Melvin, J., and Henshaw, J., concurred.

Lorigan, J., and Angellotti, C. J., dissented.

Rehearing denied.