### DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 12374.   Department One.   April 6, 1915.]

## S. A. BUCK et al., Appellants, v. THE TOWN OF MONROE et al., Respondents.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—STATUTORY PRO-
VISIONS. In making local improvements, the general rule that a city
must follow the letter of the law, construed strictly against the city
does not obtain, in view of 3 Rem. & Bal. Code, § 7892-69, providing
that the statute is to be liberally construed for the purpose of carry-
ing out the object for which the act is intended.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS— REMONSTRANCE
—STATUTES. Under 3 Rem. & Bal. Code, § 7892-66, providing that no
ordinance for a local improvement shall be effective over the written
objection of the owner of a majority of the property affected filed
with the clerk "prior to the final passage of such ordinance, unless
such ordinance shall receive an affirmative vote of at least two-
thirds of all the members of the council or other legislative body of
such city or town," it is not necessary for the council to take direct
action upon the remonstrance, since the passage of the ordinance
by a two-thirds vote subsequent to a hearing of the remonstrance is
practically a rejection thereof and a passage of the ordinance by the
required vote.

MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — STREET INTER-
SECTIONS—POWERS OF COUNCIL. Under 3 Rem. & Bal. Code, § 7892-55,
which provides that there shall be included in the cost of a local im-
provement assessed against property specially benefited the cost of
that portion of the improvement included within the limits of any
street intersection, the city may include the whole or a part of the
intersections to be taxed against the property benefited, or may pay
for the whole or a part of such intersections out of its general fund.

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—RECORD — VOTE
OF COUNCIL. The record on the passage of an ordinance reciting that

[1]Reported in 147 Pac. 432.

"the roll was then called on the passage of the ordinance and re-
sulted in all members of the council voting 'Yea' except H., who was
absent," sufficiently shows that four of the five councilmen voted for
its passage, and hence is not open to the objection that it does not
affirmatively appear that it was passed by the necessary two-thirds
vote.

Appeal from a judgment of the superior court for Sno-
homish county, Bell, J., entered December 9, 1913, in favor
of the defendants, in an action to enjoin a public improve-
ment, tried to the court.   Affirmed.

*C. H. Graves,* for appellants.

*E. P. Walker* and *E. C. Dailey,* for respondents.

MOUNT, J.—This action was brought to restrain the of-
ficers of the town of Monroe from improving a portion of
Main street in that town, according to a resolution and or-
dinance which the city had passed for improving this street.
It was alleged in the complaint that the ordinance providing
for the improvement was passed without authority, and that
the work threatened to be done thereunder was, therefore,
without jurisdiction.   Upon issues joined, a trial was had,
and the court denied the injunctive relief prayed for, and
dismissed the action so far as it affected this street.   The
plaintiffs have appealed.

It appears from the record that the town council of the
town of Monroe, on December 29, 1911, regularly passed
an ordinance entitled, "An ordinance relating to local im-
provements in the town of Monroe, and repealing all ordi-
nances and parts of ordinances in conflict herewith."   There-
after, on March 26, 1913, the council, upon its own motion,
and without a petition of the property owners, passed a reso-
lution declaring its intention to improve by paving a por-
tion of Main street in the town.   This resolution provided
for the creation of a local improvement district embracing
all property benefited thereby, and that the cost of the im-
provement should be assessed against the property included

in the district, excepting the cost of paving the street intersections, which it proposed to pay out of the general fund of the town. This resolution further provided that the 23d day of April, 1913, at 8 o'clock p. m. be fixed as a time for hearing objections to the improvement, and directed that all persons interested appear and file written objections at that time.

Notice of the passage of this resolution was duly and regularly published, and before the expiration of the time therein fixed, a large number of property owners, representing a majority of all the property in the district, objected to the proposed improvement. After hearing the objections, both written and oral, the remonstrance was laid over from time to time. Thereafter, on July 9, 1913, the council passed an ordinance, No. 131, ordering the improvement in pursuance of the resolution of intention. This ordinance provided that the cost of the improvement shall be assessed against the property of the district, except the cost of improving the spaces formed by the intersection of the streets, which cost shall be a charge against the general fund, not exceeding $1,000. This ordinance was passed by more than two-thirds of all the members of the council voting upon roll call.

It is argued by the appellants that these proceedings are irregular and insufficient to confer jurisdiction upon the city council to carry out the proposed improvement, for the following reasons: First, that no consideration was given to, or action taken upon, the remonstrance, as required by law; second, that no authority or jurisdiction exists in the council to pay for any part of the proposed improvements out of the town's general fund; that the mayor and council are proceeding in an arbitrary, unlawful, and oppressive manner against the protests of the property owners; and third, that the cost of the improvement will far exceed the benefits received. We shall consider these objections in the order stated.

It is argued first by the appellants that in making these improvements the city must follow the letter of the law, which will be strictly construed against the city. Some authorities are cited to this effect. Notwithstanding the statute under which towns of this class are authorized to make improvements of this character, Laws of 1911, p. 480, § 69 (3 Rem. & Bal. Code, § 7892-69), provides that the statute shall be liberally construed for the purpose of carrying out the object for which the act is intended, it may be conceded for the purposes of this case that this position is correct.

It is next argued strenuously by the appellants that the council was without authority to make the improvement, by reason of the fact that no action was taken upon, or consideration given to, the remonstrance, as required by law. The facts are, that a remonstrance was filed, and that persons interested in the property affected appeared before the council and objected in writing and orally to the improvement. The council took no direct action upon this remonstrance, but passed it over from time to time. Thereafter the council passed the ordinance providing for the improvement, by a vote of more than two-thirds of the council upon roll call. Section 66 of the act of 1911, p. 479, provides:

"Provided, That in any city or town, other than cities of the first class, no ordinance providing for any improvement herein authorized shall be effective over the written objection or objections of the owners of a majority of the lineal frontage and of the area within the limits of the proposed improvement district filed with the clerk of any such city or town prior to the final passage of such ordinance unless such ordinance shall receive an affirmative vote of at least two-thirds of all the members of the council or other legislative body of such city or town." 3 Rem. & Bal. Code, § 7892-66.

Counsel seem to rely upon the case of *Buckley v. Tacoma,* 9 Wash. 269, 37 Pac. 446. That was a case where it did not appear that two-thirds of the members of the council voted in favor of the ordinance. In that case this court said:

"We have treated this question thus far as though the adoption of the report, by vote of eleven members, would have been an equivalent to an order that the improvement be made notwithstanding the remonstrance. But such a procedure would not do. . . . On the contrary the *'order'* which the charter requires should be in the form of another resolution reciting the fact that a remonstrance had been filed, and ordering the board to proceed notwithstanding. In no other way is it possible to keep such business from falling into confusion and entailing misunderstanding of authority and consequent loss."

That decision was under a statute which provided:

"But if within ten days after the final publication of said notice the persons owning one-half or more of the lots or parcels of land to be taxed for said improvements shall file with the clerk of the board of public works a remonstrance against said improvement, grade or alteration, the same shall not be made at the expense of the owners of the lots so described, unless the city council by a two-thirds vote of all the members thereof order said improvement made notwithstanding such remonstrance." Tacoma Charter, art. 12, § 135; *Buckley v. Tacoma,* 9 Wash. 253, 258, 37 Pac. 441.

It will be noticed that the statute in force at the time of the decision in the *Buckley* case was different from the one in force now, because the former statute provided that the improvement should not be made unless the city council, by a two-thirds vote of all the members thereof, order said improvement *notwithstanding the remonstrance;* while the statute now in force provides that the improvement shall not be made "unless such ordinance shall receive an affirmative vote of at least two-thirds of all the members of the council or other legislative body of such city or town." This is a material change in the statute, because it does not require the council to take direct action upon the remonstrance. It is necessary now only that the ordinance shall be passed after the remonstrance, and shall receive the assent of two-thirds of the members of the council. The fact that the city council passed the ordinance by a two-thirds vote after the

remonstrance is clearly a rejection of the remonstrance, and effectively passes the ordinance. Practically, and in effect, the council did pass upon and decide against the remonstrance when it disregarded the remonstrance and passed the ordinance by the required vote. *Harney v. Heller*, 47 Cal. 15. The passage of the ordinance by a two-thirds vote was, therefore, sufficient authority for the city to proceed with the improvement.

It is next argued that the council is without power to pay for the improvement of the intersections of the street out of the general fund of the town. Section 55 of the Laws of 1911, p. 475, provides:

"Whenever any local improvement herein authorized shall be ordered, there shall be included in the cost and expense thereof to be assessed against the property specially benefited by such improvement and included in the district created to pay the same, or any part thereof, the cost of that portion of said improvement included within the limits of any street intersection space or spaces, . . ." 3 Rem. & Bal. Code, § 7892-55.

Under this provision there can be no doubt that the city is authorized to include the whole of the intersections, or a part thereof, to be taxed against the property benefited; or that the city may pay out of its general fund for the intersections, or a part thereof. We think there is no merit in this contention.

It is next argued that it does not appear affirmatively that the ordinance authorizing the improvement was passed by the necessary two-thirds vote of the council. The record shows that when the ordinance was passed, "The roll was then called on the passage of the ordinance and resulted in all members of the council voting 'Yea' except Hagedorn, who was absent." This plainly shows that four of the five councilmen voted in favor of the passage of the ordinance, and that therefore it received the required majority. There is nothing in the record to show that the cost of the improve-

ment will exceed the benefits, even if that question may be considered in this proceeding.

We find nothing in the record to indicate that the city council was without jurisdiction to make the improvement, and conclude, therefore, that the judgment of the trial court was right, and it is affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.