[Civ. No. 2052.  First Appellate District, Division One.—December 9, 1919.]

BLAKE AND BILGER COMPANY (a Corporation), Appellant, v. C. W. CHAPPELL et al., Respondents.

[1] STREET LAW—VROOMAN ACT—IMPROVEMENT OF SEVERAL DISTINCT STREETS—SINGLE CONTRACT.—Under the Vrooman Act the board of trustees has the power to order the work of constructing and improving several distinct streets to be performed under a single contract.

[2] APPEAL—NOTICE FILED WITHIN SIX MONTHS—WHEN SUFFICIENT.—
Prior to the 1915 amendment to section 941b of the Code of Civil
Procedure, where notice of the entry of judgment was not given,
the filing of a notice of appeal, in proper form, with the clerk
of the court, within six months after the date of the entry of
judgment, operated to perfect the appeal and transfer the cause to
the higher court for determination.

[3] ID.—NOTICE OF APPEAL—PARTIES NOT REQUIRED TO BE SERVED.—
Defendants who are not served with summons and who have not
appeared in the action are not parties affected by the judgment
in favor of the other defendants; hence, service of notice of ap-
peal upon such parties is not required.

APPEAL from a judgment of the Superior Court of Ala-
meda County. John Ellsworth, Judge. Reversed.

The facts are stated in the opinion of the court.

Johnson & Shaw for Appellant.

R. M. F. Soto for Respondents.

RICHARDS, J.—This is an appeal from a judgment in
favor of the defendants in an action brought by the plain-
tiff to foreclose a lien claimed to have arisen under a cer-
tain street assessment made by the superintendent of streets
of the town of Emeryville, in the county of Alameda, to
cover the costs and expenses of certain street work upon
certain streets in said town under the provisions of the
Vrooman Act, [Stats. 1885, p. 147].

[1] The trial court sustained a demurrer of the defend-
ants, C. W. Chappell and Clara J. Chappell, the owners
of the land sought to be impressed with said lien, basing
its decision upon the ground that the board of trustees of
said town did not have power to order the street work,
which formed the basis of the lien in question, to be done
under a single contract, inasmuch as the said work involved
the construction of several distinct streets, and hence, ac-
cording to the view of the court, should have been per-
formed under several contracts. The plaintiff did not amend
its complaint, and judgment was accordingly rendered
against it and in favor of said demurring defendants,
and it is from that judgment that this appeal has been
taken.

The appellant contends that the sole question presented upon this appeal, being that urged upon the demurrer of said defendants, has been decided contrary to the views of the trial court, and, in full support of the appellant's contention herein, in the case of *Remillard* v. *Blake & Bilger Co.*, 169 Cal. 277, [Ann. Cas. 1916D, 451, 146 Pac. 634]. An examination of that case discloses that it arose out of the same assessment as that which gave rise to the plaintiff's claim of lien herein, and that the same question which is presented to the court upon this appeal was presented to the supreme court upon the appeal in that case, and was therein determined adversely to the contention of the respondent herein and to the views of the trial court sustaining said contention. It follows that upon the authority of that case the judgment in the instant case must be reversed, unless the further contention of the respondent herein that this appeal should be dismissed as having been improperly taken shall be found to have merit. Our examination of the record herein, however, convinces us that the respondents' said contention is without merit. **[2]** The appeal herein was taken on June 4, 1912, and within six months after the date of the entry of judgment. The record fails to show that any notice of the entry of judgment was ever given, and, hence, that the notice of appeal was within the time prescribed by section 941b of the Code of Civil Procedure as it read at the time of taking said appeal. The notice of appeal was in the form prescribed by the terms of said section as it then read, and under said section such notice was not required to be served upon any of the parties to the action or proceeding or their attorneys; and the filing of said notice with the clerk of the court operated to perfect the appeal and transfer the cause to the higher court for determination. (*Southern Pacific Co.* v. *Superior Court,* 167 Cal. 250, [139 Pac. 69]; *Title Ins. & Trust Co.* v. *California Development Co.,* 171 Cal. 173, [152 Pac. 542].)

**[3]** It further appears from the record herein that Donovan, Murphy, and Delucia, to whom said notice of appeal was not addressed, and who were not served therewith, had never been served with summons in the action and had never appeared therein. They were not, therefore, necessary parties to be served with a notice of appeal in this action, even if such service was requisite upon any of the de-

fendants. There are numerous authorities sustaining this view, but the case of *Clark* v. *Moohr,* 125 Cal. 540, [58 Pac. 176], presents a state of the record almost identical with that of the case at bar; and in that case the supreme court decided that defendants who were not served with the summons in the action and who had not appeared therein were not parties affected by the judgment, and hence that service of a notice of appeal upon such parties was not required. It follows that the respondents' contention as to the dismissal of this appeal is without merit.

The judgment is reversed.

Kerrigan, J., and Beasly, P. J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 5, 1920.

All the Justices concurred.