[Civ. No. 3343. First Appellate District, Division One.—July 15, 1920.]

## H. CRUMMEY, INC. (a Corporation), Respondent, v. W. F. HOWE, Appellant.

[1] STREET LAW — SAN FRANCISCO — SEPARATE IMPROVEMENTS — ONE RESOLUTION OF INTENTION—VALIDITY OF PROCEEDINGS.—Proceedings for street work under the provisions of the 1913 San Francisco Street Improvement Ordinance are not void by reason of the fact that more than one work is included in the resolution of intention and that crossing work is not separated from the street work; nor is a property owner thereby deprived of the right or power to protest the work.

[2] ID.—INCREASED COSTS—REMEDY—APPEAL TO SUPERVISORS.—If increased costs result from the fact that more than one work is included in a resolution of intention to do street work under the provisions of the 1913 San Francisco Street Improvement Ordinance and that crossing work is not separated from the street work, the remedy of the property owner is by appeal to the board of supervisors.

[3] ID.—DIVISION OF ASSESSMENT INTO INSTALLMENTS—NUMBER REQUIRED.—Division of an assessment into six installments is in accordance with the provisions of the San Francisco charter and 1913 Street Improvement Ordinance requiring annual installments covering a term not to exceed ten years.

[4] ID. — LIMITATION OF INSTALLMENTS — APPLICATION OF CHARTER AMENDMENT.—Where the proceedings for street work under the provisions of the 1913 San Francisco Street Improvement Ordi-

nance had not only commenced, but had continued up to the letting of the contract, before section 33 of article VI, chapter 2, of the charter, as amended so as to prohibit installments in excess of twenty-five per cent of assessed value of the property, went into effect, that limitation is not applicable.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. M. Galvin for Appellant.

Randolph V. Whiting for Respondent.

KOFORD, J., *pro tem.*—This is an appeal from a judgment foreclosing the lien of plaintiff on defendant's property, for street work done under the provisions of the San Francisco Street Improvement Ordinance of 1913.

The appellant advances a great many points in support of his appeal. Many are without merit, and many have been previously passed upon. The points are poorly presented by E. M. Galvin, who styles himself as trustee, but we will pass upon such as we think may deserve mention, ignoring those which are unintelligible and without any merit whatever.

[1] The resolution of intention seems to be in the customary form. It covered work on Farallones Street, between Capitol and Plymouth Avenues, and on Newcomb Avenue, between Keith and Lane Streets, including the crossing of Newcomb Avenue and Lane Street. The fact that more than one work was included in the resolution of intention and that the crossing work at Lane Street and Newcomb Avenue was not separated from the work on Newcomb Avenue does not make the proceedings void, nor deprive appellant of the right or power to protest the work. (*Los Angeles L. Co.* v. *Los Angeles*, 106 Cal. 157, 162, [39 Pac. 535]; *Bates* v. *Twist*, 138 Cal. 52, 53, [70 Pac. 1023].)

[2] This method would be more likely to decrease than increase incidental costs, but if it resulted in increased costs the remedy of appellant was by appeal to the supervisors. (*Ahlman* v. *Barber Asphalt Paving Co.*, 40 Cal. App. 395,

[181 Pac. 238] ; *Hutchinson Co.* v. *Coughlin,* 42 Cal. App. 664, [184 Pac. 435].)

[3] The assessment was divided into six installments. Neither the charter nor the improvement ordinance requires ten installments, but annual installments not exceeding ten years. [4] The amended section 33, chapter 2, article VI, of the city charter, prohibiting installments in excess of twenty-five per cent of assessed value of the property, is not applicable to this assessment. The record shows that the street proceedings had not only commenced, but had continued up to the letting of the contract, before the amended section went into effect by approval by the legislature and being filed with the Secretary of State.

Appellant complains against the provisions of the ordinance requiring the property owner to sign a bond for the installments. The provisions of the ordinance complained of are not in the record, and appellant cites no authority or reason against this alleged provision. We cannot, therefore, consider it.

The record does not show any defect in the proceedings with respect to the posting or publishing of the resolution of intention. The resolution of intention seems from the record to have been regularly passed, posted and published, and we see nothing in the remaining points mentioned by appellant meriting comment.

No legal reason has been advanced for a reversal of the judgment, and the judgment is therefore affirmed, respondent to recover costs.

Waste, P. J., and Richards, J., concurred.